IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARIA DEL ROSARIO CHICO VIETTI, Individually and as Parent and Next Friend of A.R.V., P.F.V. and H.S.V., minor children,<br><br>                Plaintiff,<br><br>v.<br><br>(1) WELSH & MCGOUGH, PLLC, an Oklahoma Professional Limited Liability Corporation;<br>(2) CATHERINE WELSH, an individual, and<br>(3) JAIME VOGT, LPC, an individual,<br><br>                Defendants. | No. 21-CV-58-JFH-CDL |

**MOTION OF WELSH & MCGOUGH, PLLC AND CATHERINE WELSH
TO DISMISS FOR FAILURE TO STATE A CLAIM, WITH BRIEF IN SUPPORT**

Defendants Welsh & McGough, PLLC ("W&M") and Catherine Welsh move the Court to dismiss Plaintiff's allegations concerning breach of contract, negligence and the remedy of punitive damages because (1) Defendant Catherine Welsh is a court-appointed guardian ad litem in an underlying custody dispute,[1] and is therefore immune from suit for all acts arising out of or relating to the discharge of her duties as guardian ad litem; and (2) Plaintiff has failed, in any event, to plead either (a) the existence of any relevant contract with W&M or Welsh, or (b) any distinct duty owed to the Plaintiff or any child apart from the duties owed to the Tulsa County District Court that appointed her as guardian ad litem.

---

[1] The Court may take judicial notice of the publicly available docket sheet in that action, available at <https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=FD-2018-1255>.

## Introduction

As identified by Plaintiff's Complaint, Plaintiff is the respondent in a divorce and custody action pending in the District Court of Tulsa County as No. FD-2018-1255. (Compl. ¶ 10). In that underlying case, which remains pending, Plaintiff has utilized five different counsel as part of her ongoing effort to convince the Court that her children have suffered physical and sexual abuse. Catherine Welsh was appointed guardian ad litem on July 12, 2018, and both conducted an investigation and issued a report concerning her findings. Since at least May 2019, Plaintiff has sought to remove Welsh as guardian ad litem and to strike her report because she disagrees with Welsh's conclusions. Plaintiff's initial efforts were denied by Order of August 27, 2020. Since that time, however, Plaintiff again changed counsel and initiated a renewed effort both to demonstrate abuse and to discredit both Welsh and Defendant Vogt. That proceeding continues at the time of this filing. Regardless, Judge Bruce has <u>never</u> concluded that Plaintiff's allegations of abuse have merit, and instead has allowed joint custody. Consequently, Plaintiff has refused to pay the fees incurred by Welsh and ordered by Judge Bruce, and a contempt proceeding has been set for March 22, 2021 at 1:30 p.m.

Upon that understanding, this action is merely collateral litigation in which Plaintiff is attempting to relitigate (for a third time) the allegations of abuse currently pending in No. FD-2018-1255. Unable to obtain the removal of Welsh as guardian ad litem in that case, she has now initiated this action to pursue alleged damages. Yet, this action is demonstrably meritless as a consequence of the immunity from suit afforded to a guardian ad litem by Oklahoma law. Guardians ad litem cannot have liability simply because they disagree with the position taken by one parent in a custody dispute. Moreover, even if that immunity were not plainly established by Oklahoma's Supreme Court, Plaintiff has failed to plead the required elements of either of her putative claims. The Court should summarily dismiss this action for failure to state a claim, and

should grant that dismissal with prejudice to refiling because no allegations can overcome the immunity from suit afforded by Oklahoma law.

**The Material Allegations of Plaintiff's Complaint Against W&M and Welsh**

1.	Catherine Welsh was at all relevant times an employee or agent of W&M.  (Compl. ¶ 4).  This allegation is the sole pleaded basis for the liability of W&M.

2.	Catherine Welsh was appointed as guardian ad litem in No. FD-2018-1255 on July 12, 2018.  (Compl. ¶ 10).

3.	The Tulsa County District Court in No. FD-2018-1255 adopted Catherine Welsh's recommendations.  (Compl. ¶ 11).

4.	Catherine Welsh received "findings and opinions" from Defendant Vogt "in a manner and to an extent which will be determined through discovery."  (Compl. ¶ 39).[2]

5.	Catherine Welsh was aware of the allegations concerning sexual and physical abuse of the Vietti children and both "disregarded those allegations" and "went above and beyond to make sure the abusive father obtained as much visitation with the children as possible."  (Compl. ¶ 40).

**The Applicable Pleading Standard**

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this requirement is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550

---

[2] Significantly, the Court may take judicial notice that Catherine Welsh was appointed guardian ad litem pursuant to 43 O.S. § 107.3.  That statute expressly provides that a guardian ad litem "is not subject to discovery pursuant to the Oklahoma Discovery Code"—a substantive law command that should also prevail in this diversity action.  *See* 43 O.S. § 107.3(A)(2)(e).  This legal reality, of course, only serves to reinforce immunity from suit by confirming the legislative intent to remove the decisions of guardians ad litem from litigation scrutiny.

U.S. 544, 555 (2007). Additionally, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified that *Twombly* rests on two separate "working principles." *Iqbal*, 556 U.S. at 678. First, the rule that courts must accept the truth of all of the allegations contained in a complaint does not apply to legal conclusions. *See id.* at 678. Second, even if a complaint pleads more than legal conclusions, it is still deficient if it does not state a "plausible claim for relief." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citations omitted).

## Argument

**I.     As a Matter of Oklahoma Law, a Guardian ad Litem Enjoys Immunity From Suit.**

Plaintiff has expressly pleaded that Catherine Welsh was appointed as guardian ad litem in No. FD-2018-1255 on July 12, 2018. (Compl. ¶ 10). In the course of that appointment, she conducted an investigation and issued a report that was adopted by the District Court in No. FD-2018-1255. (Compl. ¶ 11). Even with respect to the allegations that Catherine Welsh both "disregarded" allegations of abuse and "went above and beyond to make sure the abusive father obtained as much visitation with the children as possible" (Compl. ¶ 40), it is clear that Mrs. Welsh was acting as guardian ad litem.

Since at least 2000, Oklahoma law has reflected that "a court-appointed guardian ad litem in a custody matter is immune from suit by the ward or any other party, for all acts arising out of or relating to the discharge of his duties as guardian ad litem." *Perigo v. Wiseman*, 11 P.3d 217, 217-18 (Okla. 2000) (issuing a writ of prohibition to Judge Wiseman to prevent further proceedings in CJ-00-2070 against guardian ad litem Jerry Perigo). The result in *Perigo* is neither surprising nor peculiar, as Oklahoma statutes concerning the appointment of guardians ad litem and court-appointed special advocates also feature express grants of immunity from civil liability.

*See* 10 O.S. § 7505-1.2(B)(5) ("Any person participating in a judicial proceeding as a guardian ad litem shall be presumed prima facie to be acting in good faith and in so doing shall be immune from any civil liability that otherwise might be incurred or imposed."); 10A O.S. § 1-8-102(D) (explaining that a court-appointed special advocate "shall be presumed prima facie to be acting in good faith and in so doing shall be immune from any civil liability that otherwise might be incurred or imposed"). Indeed, it is difficult to imagine a contrary rule. Obviously, any guardian ad litem must reach conclusions of fact and make recommendations to a court that are unlikely to please both parents. *See* 43 O.S. § 107.3(A)(2) (defining the responsibilities of a guardian ad litem). If a guardian ad litem in a divorce/child custody proceeding could have civil liability for issuing a report that includes conclusions adverse to one parent, no one would be willing to serve, and domestic courts would be unable to conduct the investigations necessary to make any orders that precede a trial on the merits.

Given both (1) Plaintiff's own allegations that Catherine Welsh was acting as guardian ad litem in the underlying custody action, and (2) the clear grant of immunity from suit afforded to persons acting as a guardian ad litem, neither Catherine Welsh nor W&M can have any civil liability for the actions of which Plaintiff complains. *See, e.g.*, *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail.").

II. **Irrespective of Immunity from Suit, Plaintiff Has Failed to Plead Any Actionable Claim.**

    A. **Breach of Contract**

Plaintiff asserts that "[t]he individual Defendants were contractually obligated to diligently represent the best interest of the minor children in [No. FD-2018-1255]," and that "Defendants breached these contracts when they became aware of the abuse being suffered by the minor

children and failed to protect them." (Compl. ¶¶ 43-44).  The problem with these allegations, of course, is that the Complaint never identifies or even references which contract or contracts allegedly exist between either (1) W&M and Plaintiff or (2) Catherine Welsh and Plaintiff.  Obviously, any breach of contract claim requires, among other elements, identification of the contract or contracts allegedly breached.  *See, e.g., Digital Design Group, Inc. v. Information Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001) ("In order to recover on its breach of contract theory, Digital needed to prove: 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach.").  When a Complaint is devoid of allegations that identify any alleged contract, the Complaint inherently fails to state a plausible claim for breach of contract.  Indeed, that result is required in this action for an additional reason: Because Plaintiff has pleaded that Catherine Welsh was acting as a court-appointed guardian ad litem (Compl. ¶ 10), no contract was ever necessary to define the guardian's role or to specify the payment obligation owed by Plaintiff.  *See, e.g.*, 43 O.S. § 107.3(A)(3) ("Expenses, costs, and attorney fees for the guardian ad litem may be allocated among the parties as determined by the court.").  All breach of contract allegations should be dismissed.

  **B.**  **Negligence**

In support of her putative tort claim, Plaintiff alleges the following legal conclusion:

> Defendants owed a duty to the Vietti children to protect and actively pursue the most prudent and swift remedies available to save them from being exposed to irreparable harm.  Instead, Defendants inexplicably delayed said intervention, thus delaying the ability to protect the minor children and expose them to continued abuse.

(Compl. ¶ 48).  Not only is the Court free to disregard that legal conclusion pursuant to the law of federal pleading, but existing Oklahoma law clarifies that the duties owed by a guardian ad litem are owed to the district court, not to the Plaintiff or her children.  As explained in *Kahre v. Kahre*, 916 P.2d 1355 (Okla. 1995), a guardian ad litem "becomes an officer of the court."  *Id.* at 1362.

And, in relation to the duties owed by the guardian ad litem, the Supreme Court provided the following analysis:

> In custody matters the guardian ad litem has almost universally been seen as owing his primary duty to the court that appointed him, not strictly to the child client. *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376, 384 (Mo.App.1993). See also Elrod, Counsel for the Child in Custody Disputes: The Time is Now, 26 Fam.L.Q. 53, 59–62 (1992), in which the author observes that the guardian ad litem fills a void for the court. Without the guardian ad litem, the trial court has no practical means to ensure that it receives the information it needs to secure the best interests of the child are served until after the information has been filtered through the adversarial attitudes of the warring parents. The guardian ad litem makes his own investigation as the trial court's agent. The wishes of the minor child are one factor to be considered, but the guardian ad litem's obligation remains the same as that of the trial court: the child's best interests, although the child's wishes may be otherwise.

*Id.* at 1362 (emphasis added); *see also Rowe v. Rowe*, 218 P.3d 887 (Okla. 2009) (reiterating the same analysis); 43 O.S. § 107.3(A)(2) ("The guardian ad litem may be appointed to objectively advocate on behalf of the child and act as an officer of the court . . . ." (emphasis added)). Accordingly, as an officer of the court, the duties owed by Catherine Welsh are owed to the district court in No. FD-2018-1255, and that court has rejected Plaintiff's prior efforts to remove Mrs. Welsh as guardian ad litem.[3] Instead, as pleaded by Plaintiff, the district court adopted Mrs. Welsh's recommendations. (Compl. ¶ 11).

There simply is no distinct and independent duty owed by Catherine Welsh to Plaintiff's children, and Plaintiff's pleading of such a duty is, therefore, contrary to Oklahoma law. In the absence of such a duty, Plaintiff has no claim for negligence. *See, e.g.*, *Wood v. Mercedes-Benz of Okla. City*, 336 P.3d 457, 459 (Okla. 2014) ("For claims predicated on negligence, the threshold question is the existence of a duty. Whether a duty existed is a question of law." (citation omitted)).

---

[3] Again, the Court may take judicial notice of the Order of August 27, 2020 in No. FD-2018-1255.

### C. Punitive Damages

Pursuant to Oklahoma law, punitive damages are merely a remedy available, in certain instances, after a demonstration of breach of an obligation not arising from contract. *See* 23 O.S. § 9.1; *Rodebush By and Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993) (explaining that a request for punitive damages "does not constitute a separate cause of action," and that "[t]he plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages." (emphasis added) (citations omitted)). In this action, in which Plaintiff can have no Fed. R. Civ. P. 8(a)(2) tort "claim," Plaintiff's request for the remedy of punitive damages must also be dismissed as a matter of law.

### Relief Requested

This is an action in which Plaintiff's disagreement with the conclusions reached by the guardian ad litem in No. FD-2018-1255 in the District Court of Tulsa County has led her not only to seek the removal of guardian ad litem and the striking of her report (both denied by Judge Bruce) in that action, but also the commencement of this collateral action in which she seeks to relitigate the very claims of child abuse that have already been denied once, and that now are being litigated for a second time, in No. FD-2018-1255. To that end, Plaintiff masquerades her disagreement concerning child abuse claims as claims for breach of contract and negligence in an effort to suggest that damages may be owed. But Plaintiff has not only failed to plead the required elements of her claims, but has also wholly ignored the immunity from suit afforded to a guardian ad litem. The entirety of Plaintiff's Complaint should be dismissed for failure to state any claim against either Catherine Welsh or W&M <u>with prejudice</u> to refiling, as no amended pleading can defeat the immunity from suit enjoyed by a guardian ad litem.

Respectfully submitted,

Todd G. Tucker, OBA #15469
WELSH & MCGOUGH, PLLC
2727 E 21st St #600
Tulsa, OK 74114
Phone: (918) 585-8600
Fax: (918) 794-4411
Email: todd@tulsafirm.com

and

 /s/*Bradley W. Welsh*
Bradley W. Welsh, OBA #18488
GABLE & GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK  74103
Phone: (918) 595-4800
Fax: (918) 595-4990
E-mail: bwelsh@gablelaw.com

## CERTIFICATE OF SERVICE

On February 23, 2021, I electronically transmitted the attached document to the Clerk of Court for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen, II
Laura Hamilton
Dustin Vanderhoof


 /s/*Bradley W. Welsh*