IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARIA DEL ROSARIO CHICO VIETTI, Individually and as Parent and Next friend of A.R.V., P.F.V. and H.S.V., minor children,<br><br>Plaintiff,<br><br>v.<br><br>(1) WELSH & MCGOUGH, PLLC; an Oklahoma Professional Limited Liability Corporation;<br>(2) CATHERINE WELSH, an individual; AND,<br>(3) JAIME VOGT, LPC, an individual,<br><br>Defendants. | Case No.: 21-CV-58-JFH-CDL<br><br><br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Rosario Chico Vietti, individually and as Parent and Next Friend of A.R.V., P.F.V. and H.S.V., minor children, and for her cause of action against the Defendants, Welsh & McGough, PLLC, Catherine Welsh and Jamie Vogt, LPC, sets forth and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is, and was at all times relevant hereto, a citizen of Mexico.

2. Defendant Welsh & McGough, PLLC ("WM"), is an Oklahoma Professional Limited Liability Corporation with its principal place of business located within the confines of the Judicial District for the Northern District of Oklahoma.

3. Upon information and belief that will be confirmed through discovery, Defendant Catherine Welsh ("Welsh") is, and was at all times relevant hereto, a resident of Tulsa County, Oklahoma, within the confines of the Judicial District for the Northern District of Oklahoma.

4. Defendant Welsh was at all relevant times hereto an employee and/or agent of Defendant WM and as such, Defendant WM is liable for her acts and omissions complained of herein under the legal doctrine of *respondeat superior.*

5. Upon information and belief that will be confirmed through discovery, Defendant Jaime Vogt ("Vogt") is, and was at all times relevant hereto, a resident of Tulsa County, Oklahoma, within the confines of the Judicial District for the Northern District of Oklahoma.

6. The actions and omissions that are the subject of this dispute occurred within the confines of this judicial district.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and is a controversy between citizens of different states.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, occurrences and omissions giving rise to Plaintiff's claims occurred within the confines of this judicial district.

## FACTS COMMON TO ALL CLAIMS

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. On or around July 12, 2018, a Tulsa County District Court, Case No. FD-2018-1255 (the "Divorce Action"), appointed Defendant Welsh to act as Guardian *Ad Litem* for the minor children, to act in their best interest, and was compensated by Plaintiff for such work.

11. The same Tulsa County District Court adopted the recommendations of Defendant Welsh and appointed Defendant Vogt to act as a licensed therapist for A.R.V. and to protect his best interest. Defendant Vogt was compensated for her services by Plaintiff.

12. Defendants knew, or should have known, that Plaintiff's young children were being sexually and/or physically and/or emotionally abused by their father.

13. Defendants negligently delayed their pursuit of this matter causing further delay and harm to the minor children.

14. Upon information and belief that will be confirmed through discovery, the cause for Defendants' delay was due, in part, to increasing their own financial benefits.

15. Defendant Vogt failed to report suspected child abuse as required by Title 10A of the Children and Juvenile Code. Furthermore, Defendant Vogt had "prolonged knowledge" of ongoing child abuse and knowingly and willfully failed to report.

16. On August 14, 2018, during an intake with the mother, Defendant Vogt was informed of suspected child abuse by the father including physical abuse with injuries, neglect due to substance abuse, substance abuse (including alcohol, cocaine, acid, marijuana, pain medication, cough medicine, and ecstasy) and exposure to domestic violence. Defendant Vogt was provided a copy of Emergency Protective Order PO-2018-1757. Defendant Vogt was informed of a police report filed after the father threatened A.R.V. during a supervised visitation.

17. During eleven separate therapy sessions with A.R.V., Defendant Vogt was informed of suspected child abuse when the child disclosed that his father was physically abusive.

18. On March 16, 2019, during a therapy session with A.R.V., Defendant Vogt was informed of suspected child abuse when the child disclosed the father was drinking and driving the minor children in his vehicle.

19. On August 16, 2019, the Assistant District attorney made a DHS referral on behalf of the children.

20. On August 26, 2019, during a forensic interview at the Child Abuse Network, A.R.V. disclosed physical abuse by his father. P.F.V. also disclosed sexual abuse by her father.

21. On November 2, 2020, Defendant Vogt testified that A.R.V. disclosed during therapy sessions that his father hit him, hit his mom, hit him in the stomach, and pulled his hair. Defendant Vogt testified that she is a mandatory reporter and that she did not make a DHS report regarding A.R.V. or P.F.V.

22. Defendant Vogt failed to obtain written consent to provide treatment for all the minor Vietti children as required by the State Board of Behavioral Health.

23. On February 13, 2019, April 30, 2019, and September 25, 2019, Defendant Vogt provided therapy/forensic services to P.F.V. without written consent or court order.

24. Defendant Vogt failed to follow the State Board of Behavioral Health guidelines regarding forensic services that the "results would be furnished to a trier of fact or decision maker, must be kept confidential and cannot be utilized in the formation or publication of an opinion by the candidate or licensee." Defendant Vogt provided forensic services by interviewing the children, questioning the truthfulness of the children, interfering in the Department of Human Services Child Welfare/Tulsa Police Department investigation, and providing an opinion to the court regarding the credibility of the children.

25. On July 18, 2018, Defendant Vogt was appointed as a therapist for A.R.V. only.

26. On August 26, 2019, A.R.V. and P.F.V. were interviewed at the Child Abuse Network. A.R.V disclosed that his father hits him, kicks him, drinks, and yells at him. P.F.V. disclosed

that her father touches her private parts. She described that her clothes were off, his clothes were on, and that it happened in the living room.

27. On August 26, 2019, OKDHS Child Welfare Specialist, Keegan Eshleman, filed two police reports: T19011496 Lewd Molestation/Acts/Proposals to a child under 16 and T19011497 Child Abuse.

28. On August 28, 2019, DHS investigator Sydney Baldwin testified that Defendant Vogt was interviewed as a collateral witness and had no concerns of child abuse. As a result, a DHS investigation was not conducted and the DHS referrals were screened out.

29. On September 25, 2019, Defendant Vogt interviewed P.F.V. regarding the sexual abuse allegations that P.F.V. disclosed at the Child Abuse Network during a forensic interview. Defendant Vogt interviewed the child without a court order or written consent in the middle of a criminal and child welfare investigation.

30. Defendant Vogt failed to follow the State Board of Behavioral Health guidelines regarding dual roles and relationships. "LPCs shall not knowingly enter into a dual relationship and shall take any necessary precautions to prevent a dual relationship from occurring."

31. Defendant Vogt provided forensic services by interviewing A.R.V. and P.F.V. approximately thirty (30) days after forensic interviews were conducted at the Child Abuse Network.

32. Defendant Vogt refuted the children's abuse disclosures to DHS even though Defendant Vogt had not seen the children in months. Defendant Vogt falsely presented herself as therapist for minor P.F.V. to DHS.

33. Defendant Vogt failed to follow the State Board of Behavioral Health guidelines regarding providing counseling services for a client. "LPCs who provide counseling services

for a client shall only provide fact witness testimony." "Fact witness testimony by LPCs shall not include opinions or recommendations pertaining to matter subject to a decision by the Court, in forensic matters involving that client, unless otherwise required by law or court order."

34. Defendant Vogt provided an opinion to the child welfare investigator, Sydney Baldwin.

35. Defendant Vogt failed to comply with the State Board of Behavioral Health guidelines of Professional Conduct by falsifying a client's record.

36. On August 14, 2018, Plaintiff signed a Financial Agreement Form and received a copy of the form from Defendant Vogt.

37. On June 12, 2020, Defendant Vogt emailed counsel and the guardian ad litem an altered and forged intake contract for the minor, A.R.V. The subpoena portion of the Financial Agreement Form is slashed thru and initialed by Defendant Vogt.

38. Defendant Vogt failed to follow best practice guidelines in forensic interviewing as established by the National Children's Advocacy Center, where Defendant Vogt was trained as a forensic interviewer.

39. Throughout her involvement, Defendant Vogt communicated her findings and opinions to Defendant Welsh in a manner and to an extent which will be determined through discovery.

40. The allegations repeatedly made by the Vietti children regarding sexual and/or physical and/or emotional abuse were known to Defendant Welsh and Defendant Welsh not only disregarded these allegations, she went above and beyond to make sure the abusive father obtained as much visitation with the children as possible.

41. Upon information and belief that will be confirmed through discovery, Defendants were engaged in a scheme with the counsel for the father in the Divorce Action to seek appointment of Defendant Welsh as Guardian *ad litem* and Defendant Vogt as custody coordinator.

42. Upon information and belief that will be confirmed through discovery, the goal of this scheme between counsel for the father in the Divorce Action and Defendants was for the Defendants to ultimately advocate on the father's behalf in the Divorce while financially benefitting from Plaintiff.

43. Upon information and belief that will be confirmed through discovery, Defendants furthered their scheme with counsel for the father in the Divorce Action by deliberately ignoring and disregarding the allegations repeatedly made by the Vietti children regarding sexual and/or physical and/or emotional abuse by the Vietti children's father.

44. Upon information and belief that will be confirmed through discovery, Defendants Welsh and Vogt exceeded the scope of their duties and responsibilities as Guardian *ad litem* and therapist respectively by:

   a. Engaging in a scheme to financially benefit themselves at the expense of Plaintiff and/or her minor children by deliberately delaying and/or ignoring the abuse sustained by the minor children at the hands of their father.

   b. Advocating, representing, or attempting to represent the interests of the father in the Divorce Action.

   c. Deliberately failing to report abuse of the minor children by their father in contravention of state law and their duty to act for the best interests of the minor children.

45. As a result of the Defendants conduct, the parties have sustained significant damages.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. The individual Defendants were contractually obligated to diligently represent the best interest of the minor children in the above-referenced action.

48. Defendants breached these contracts when they became aware of the abuse being suffered by the minor children and failed to act to protect them.

49. As result of these acts and omissions, the minor children were, and continue to be, exposed to prolonged physical and/or sexual and/or emotional abuse and neglect.

50. The breach by Defendants was the actual and proximate cause of the minor children's injuries.

## COUNT II: NEGLIGENCE

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. Defendants owed a duty to the Vietti children to protect and actively pursue the most prudent and swift remedies available to save them from being exposed to irreparable harm. Instead, Defendants inexplicably delayed said intervention, thus delaying the ability to protect the minor children and expose them to continued abuse.

53. Defendants breached this duty by failing to protect the minor children and by acting recklessly with complete disregard for their health and well-being.

54. This breach was the actual and proximate cause of the injuries sustained.

## Count III: Violation of the Eighth and/or Fourteenth Amendments to the Constitution of the United States
### (42 U.S.C. § 1983)

55. Paragraphs 1-54 are incorporated herein by reference.

56. In the alternative, Plaintiff asserts that Defendants, acting under cover of state law, violated the Eighth and/or Fourteenth Amendments of the United States Constitution.

57. At all times pertinent hereto, Defendants were acting under color of State law.

58. Defendants have been endowed by the Tulsa County Court with powers or functions governmental in nature, such that Defendants became instrumentalities of the State and subject to its constitutional limitations

59. Defendants, as described above, knew there was a strong likelihood that the Plaintiff's minor children were in danger of serious harm.

60. As described *supra*, the abuse of Plaintiff's minor children by their father was known and obvious to the Defendants. It was obvious that Plaintiff's minor children needed immediate and emergent intervention to prevent further abuse, but any such intervention was denied, delayed and obstructed by the Defendants.

61. Defendants disregarded the known, obvious and substantial risks to the Plaintiff's minor children's health and safety.

62. As a direct and proximate result of this deliberate indifference, as described above, the Plaintiff's minor children experienced unnecessary physical pain, severe emotional distress, mental anguish, a loss of quality and enjoyment of life, terror, degradation, oppression, humiliation, embarrassment, and medical expenses.

63. As a direct and proximate result of this deliberate indifference, as described above, the Plaintiff experienced unnecessary physical pain, severe emotional distress, mental anguish, lost wages, a loss of quality and enjoyment of life, terror, degradation, oppression, humiliation, and embarrassment.

64. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to pecuniary and compensatory damages. Plaintiff is entitled to damages due to the deprivation of her rights and the rights of her minor children secured by the U.S. Constitution, including punitive damages.

### COUNT IV. PUNITIVE DAMAGES

65. Paragraphs 1 through 64 are incorporated herein by reference.

66. The willful, wanton, and reckless conduct of Defendants in complete disregard for the safety, health, and well-being of the minor children entitles Plaintiff to an award of exemplary damages under Oklahoma law.

67. The acts of Defendants were wrongful, culpable, and so egregious that punitive damages in a sum that exceeds Seventy-Five Thousand Dollars ($75,000.00) should be awarded against them to set an example to others similarly situated that such conduct will not be tolerated in our community.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing this suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), reasonable attorney's fees, and all other relief deemed appropriate by the Court.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/ Dustin J. Vanderhoof
Donald E. Smolen, II, OBA #19944
Laura Hamilton, OBA #22619
Dustin Vanderhoof, OBA #21388
611 South Detroit Avenue
Tulsa, Oklahoma 74120
P: (918) 777-4529
F: (918) 890-4529 (Fax)
don@smolen.law
laura@smolen.law
dustin@smolen.law

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of March 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to ECF registrants entered in this case.

      /s/Dustin J. Vanderhoof  
      Dustin J. Vanderhoof