IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA DEL ROSARIO CHICO VIETTI, Individually and as Parent and Next Friend of A.R.V., P.F.V., and H.S.V, minor children,<br><br>                    Plaintiffs,<br><br>vs.<br><br>WELSH & MCGOUGH, PLLC, an Oklahoma Professional Limited Liability Corporation; CATHERINE WELSH, an Individual, and JAIME VOGT, LPC, an Individual,<br><br>                    Defendants. | Case No. 21-CV-58-JFH-CDL |

## DEFENDANT JAIME VOGT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Jaime Vogt ("Vogt") moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss this action against her. Vogt is a licensed professional counselor and as such she provided individual counseling services to Plaintiffs A.R.V. and P.F.V. from approximately August 2018 through 2019; she has never provided individual counseling services to Plaintiff Maria Del Rosario Chico Vietti ("Maria") or to Plaintiff H.S.V. Seeking to recover money from Vogt, Plaintiffs attempt to assert negligence and contract claims against Vogt alleging that Vogt failed to protect the three minor Plaintiff children (A.R.V., P.F.V., and H.S.V. are collectively referred to herein as the "Children") by failing to make a report to DHS about alleged abuse by the Children's own father. Maria, the mother of the Children, has no viable individual claim against Vogt because Maria has not alleged an injury or damage that is compensable under Oklahoma law. Claims on behalf of H.S.V. fail because the Complaint alleges no facts suggesting that Vogt owed a duty to H.S.V. or had notice of allegations of abuse that occurred one day before the Complaint was filed. As to all of Plaintiffs' claims, there is no

1

private right of action to enforce Oklahoma's child abuse reporting statute. The Complaint alleges no facts showing the existence of a contract obligating Vogt to protect the best interest of the Children. Under these circumstances Vogt is entitled to the same immunity afforded the Guardian Ad Litem and is entitled to judicial immunity. Additionally, the litigation privilege accords Vogt immunity for comments made during the course of or preliminary to judicial proceedings. As shown herein, Plaintiffs' claims are not cognizable under Oklahoma law.

### I. BRIEF SUMMARY OF THE RELEVANT FACTS

For years Maria and Christopher Vietti have been locked in a highly contested and contentious custody battle over the Children. Since 2018 and continuing to this day, various courts, agencies, and persons have been involved with the Vietti family concerning Maria's allegations that Christopher is an abuser. Maria has filed two police reports,[1] sought three different protective orders,[2] and two criminal misdemeanor actions have been filed.[3] Multiple reports of abuse by Christopher against the Children have been made to and investigated by DHS.[4] Plaintiffs' Complaint in this matter appears to be filed by Maria for the sole purpose of punishing and discrediting Vogt because: (a) Maria cannot, or at least has not yet, convinced the court in the Divorce/Custody Action that Christopher abused the Children and that Maria should get sole custody of the Children; (b) the court in the Divorce/Custody Action denied Maria's motion to obtain a copy of Vogt's file; and/or (c) both Christopher and the Guardian Ad Litem

---

[1] Tulsa County Sheriffs Office Case Nos. 2018-04660 reported on 5/24/2018 and 2018-04840 reported on 5/30/2018.

[2] Tulsa County District Court Case Nos. PO-2018-4106 filed 11/19/2018; PO-2020-3718 filed 12/4/2020; and PO-2021 filed 2/22/2021.

[3] Tulsa County District Court Case Nos. CM-2018-5483 filed 11/16/2018 and closed 12/2/2019; and CM-2020-4176 filed 11/30/2020 (Defendant's motion to dismiss is pending).

[4] See DHS report numbers 1922624 and 2120290.

recently moved to have the court in the Divorce/Custody Action order that Vogt is to provide individual counseling services to all three Children and Maria opposes this.

**A.      The Divorce/Custody Action**

Christopher Vietti filed for divorce from Maria on May 17, 2018 in Tulsa County Oklahoma, Case No. FD-2018-1255, (the "Divorce/Custody Action") and sought sole custody of the Children. On June 1, 2018, Maria filed a Motion for Emergency Ex-Parte Temporary Order alleging that Christopher physically attacked her in the presence of the Children and alleging that A.R.V. and P.F.V. had been physically abused by Christopher several times. As recited in that June 1, 2018 court document, a police report was filed on May 30, 2018 alleging abuse committed against Maria by Christopher on May 24, 2018, and a second police report was filed on May 30, 2018 alleging abuse committed by Christopher against A.R.V. on April 11, 2018. As was also recited in that June 1, 2018 court document, the matter of the alleged abuse perpetrated by Christopher had already been referred to DHS where an active investigation was ongoing.

On July 12, 2018, the court in the Divorce/Custody Action appointed Defendant Catherine Welsh to serve as the Guardian Ad Litem for the Children. As recognized in a July 18, 2018 Court Order, Christopher and Maria agreed to adopt all recommendations of the Guardian Ad Litem. One of the recommendations of the Guardian Ad Litem was for Vogt to provide individual counseling service to A.R.V. who was then 7 years old.

**B.      Vogt's Individual Counseling Services to A.R.V. and P.F.V., Not H.S.V. or Maria**

On August 14, 2018, Maria met with Vogt and completed intake paperwork giving consent for Vogt to provide individual counseling services to A.R.V. On October 22, 2018, Christopher met with Vogt and completed intake paperwork giving consent for Vogt to provide individual counseling services to A.R.V. Shortly thereafter, the Guardian Ad Litem advised Vogt

that she (Guardian Ad Litem) wanted Vogt to also provide individual counseling services to P.F.V. and that the attorneys for both Maria and Christopher agreed to having Vogt provide such services to P.F.V. Beginning in approximately August 2018 and extending through approximately October 2019, Vogt provided individual counseling services to A.R.V. and also to P.F.V., some of which counseling sessions included Maria and some of which counseling sessions included Christopher.

Vogt has not provided any individual counseling services to either Maria or to H.S.V. Further, the alleged abuse against H.S.V. purportedly occurred on February 11, 2021—just one day before Plaintiffs' Complaint was filed and months after the last time that Vogt provided any counseling services to any member of the Vietti family.

Maria's ultimate grievances with Vogt are that Vogt did not agree with Maria's opinion that Christopher abused the children, and that Vogt did not substantiate Maria's allegations of abuse during the DHS investigations. Maria's grievances with Vogt do not translate into cognizable claims under Oklahoma law.

## II.     STANDARD FOR DISMISSAL

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. As the United States Supreme Court stated: "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting

4

*Twombly*). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*).

While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*). As detailed below, Plaintiffs' Complaint fails to meet this standard.

### III.   ARGUMENT & AUTHORITIES

**A.   Claims by Maria Individually Fail**

Plaintiffs' Complaint fails to allege any injury or damage to Maria individually that resulted from Vogt's alleged conduct and which is compensable under Oklahoma law. Vogt never provided any individual counseling services to Maria and the Complaint doesn't allege otherwise. To the extent that Maria may be attempting to claim that Vogt's conduct vis-à-vis the Children caused Maria to suffer mental anguish and emotional distress, such a claim fails. Under Oklahoma law, a plaintiff cannot recover damages solely based on mental anguish and emotional distress. *See e.g. Seidenbach's Inc. v. Williams*, 361 P.2d 185, 187 (Okla. 1961); *Van Hoy v. Okla. Coca-Cola Bottling Co.*, 235 P.2d 948 (Okla. 1951).

Even if there was some physical injury accompanying Maria's hypothetical claim for emotional distress, such a claim fails as it would be based on a bystander theory. The long-standing rule in Oklahoma is that "recovery for mental anguish is restricted to such mental pain and suffering as arises from an injury or wrong to the person rather than from another's suffering or wrongs committed against another person." *Slaton v. Vansickle*, 872 P.2d 929, 931 (Okla.

1994) (citations omitted). The Oklahoma Supreme Court has specifically explained that a parent cannot claim mental distress for pain suffered by her child: "Nor can a parent recover for mental distress and anxiety on account of physical injury sustained by a child or for anxiety for the safety of his child placed in peril by the negligence of another." *Van Hoy*, 235 P.2d at 949 (internal quotations and citations omitted). All of Maria's individual claims against Vogt must be dismissed.

**B.     Claims on Behalf of H.S.V. Fail**

Plaintiffs' Complaint fails to identify any factual basis for Vogt owing a duty to H.S.V. The Complaint does not allege that Vogt provided any individual counseling services to H.S.V. as indeed she has not. There are no facts alleged in the Complaint suggesting that Vogt knew or should have known that Christopher allegedly abused H.S.V. Upon information and belief, Maria alleges that Christopher abused H.S.V. on February 11, 2021—just one day before Plaintiffs' Complaint was filed and months after Vogt last provided individual counseling services to any member of the Vietti family. Surely there can be no viable claim against Vogt on behalf of a child that Vogt never counseled and based on allegations of abuse occurring one day before the Complaint was filed and which were never brought to Vogt's attention.

**C.     All of Plaintiffs' Claims Fail**

    **1.   No Private Right of Action Exists**

Vogt's purported failure to report the alleged abuse to DHS is not actionable under 10A O.S. § 1-2-101, Oklahoma's child abuse reporting statute, because this statute does not create a private right of action. In *Paulson v. Sternlof*, the Oklahoma Court of Civil Appeals held "the child reporting statutes do not create a private right of action." 15 P.3d 981, 984 (Okla. App. 2000). The *Paulson* Court reasoned: "Knowing and willful failure to report is a criminal

misdemeanor . . . There is no provision, however, for civil liability." *Id.* Plaintiffs' negligence claims must be dismissed as a matter of law.

### 2. No Facts About a Contract Are Alleged

The Complaint fails to allege facts showing a contract that imposed a duty on Vogt to protect the best interest of the Children. Although ¶ 43 of the Complaint recites the first element of a breach of contract claim, ¶¶ 22, 23, and 29 of the Complaint take issue with Vogt for there being no written consent, i.e., no contract, for her to provide services to the Children. Plaintiffs can't have it both ways—either a contract existed or it didn't. Plaintiffs' contract claims must be dismissed as a matter of law.

### 3. Punitive Damages Are Not a Separate Claim

"A plea for punitive damages is generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993) (citations omitted). "The plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages." *Id.* (citations omitted). Further, punitive damages are not available for breach of contract. 23 O.S. § 9.1. Count III of Plaintiffs' Complaint titled "Punitive Damages" must be dismissed.

### D. Vogt Is Entitled to Same Immunity Afforded the Guardian Ad Litem

By Order dated July 18, 2018 in the Divorce/Custody Action, Maria and Christopher Vietti agreed to adopt all recommendations of the Guardian Ad Litem. One of the recommendations of the Guardian Ad Litem was for Vogt to provide individual counseling services to A.R.V. Vogt is entitled to the same immunity afforded the Guardian Ad Litem. Vogt

incorporates by reference Argument I of the Motion of Welsh & McGough, PLLC and Catherine Welsh to Dismiss for Failure to State a Claim, Dkt. 7.

**E.     Vogt Is Entitled to Judicial Immunity**

Vogt is cloaked with judicial immunity from Plaintiffs' claims. In *Hartley v. Williamson*, the Hartleys divorced, and the mother was granted custody of the couple's two minor children. 18 P.3d 355, 356 (Okla. App. 2000). Multiple court actions followed concerning custody of the children, including an allegation by the mother that the father abused the daughter. While at the courthouse for a hearing in the custody matter, an attorney for the mother contacted the defendant, a psychologist, who consented to act as the court authorized counselor. *Id.* at 356-357. Father's attorney agreed to the defendant's selection "and the psychologist was engaged to counsel the parties as per the trial court's order." *Id.* at 357. The defendant psychologist testified at a hearing in the custody matter, apparently in a way that the mother didn't like. Afterwards, the mother sued the defendant psychologist individually and on behalf of the daughter for negligence, intentional infliction of emotional distress, deceit, and conspiracy to commit abuse of process. The trial court granted summary judgment in favor of the defendant psychologist on all of the mother's claims. *Id.*

The Court of Appeal affirmed finding that the witness status of the defendant psychologist was sufficient to immunize her from the lawsuit. *Hartley*, 18 P.3d at 358. "The immunity of [the psychologist], as a court-authorized witness, is of a greater scope than that of a witness called by one of the parties. [The psychologist]'s role was that of an advisor to the trial court, playing an integral part in the judicial decision-making process. Performing an adjudicative act, [the psychologist] was cloaked with judicial immunity." *Id.* at 358 (citations omitted).

Here, Maria and Christopher Vietti agreed for Vogt to provide individual counseling. The trial court's order acknowledged this agreement and Vogt was thus engaged. The acts complained by Plaintiffs were adjudicative acts. Vogt is immune from Plaintiffs' claims.

**F.  Vogt Is Entitled to Immunity Under the Litigation Privilege**

The litigation privilege provides Vogt with immunity for comments made during the course of or preliminary to judicial proceedings. The litigation privilege "accords attorneys, parties, jurors and witnesses immunity for comments or writings made during the course of or preliminary to judicial or quasi-judicial proceedings." *Samson Inv. Co. v. Chevaillier*, 989 P.2d 327, 329 (Okla. 1999); *see also Pac. Emplys. Ins. Co. v. Adams,* 168 P.2d 105 (Okla. 1946); *Kirschstein v. Haynes,* 788 P.2d 941 (Okla. 1990). "[T]he litigation privilege applies only when the communication is (1) relevant or has some relation to a proposed proceeding and (2) circumstances surrounding the communication have some relation to the proposed proceeding." *Id.* at 330 (citation omitted). "[T]he privilege applies regardless of whether they [the communications] are true or false." *Id.* (internal quotations and citation omitted).

Vogt has immunity from Plaintiffs' claims which are based upon statements that Vogt made during the course of the Divorce/Custody Action and the DHS investigations. *See Hartley*, 18 P.3d at 358 (The litigation privilege "also would cover the negligence, deceit and conspiracy claims of Mother and Daughter, which are all founded on Doctor's (psychologist) testimony at a judicial proceeding. Thus, we conclude that Doctor does have immunity and that the immunity is from each claim of Mother and Daughter.") Any statements that Vogt made about or concerning any member of the Vietti family were relevant to the Divorce/Custody Action and to the DHS investigations. The circumstances surrounding Vogt's statements to DHS and her in-court statements relate to the Divorce/Custody Action and to the DHS investigations. The alleged

9

abuse by Christopher and the resulting DHS investigations are critical components of Maria's fight for custody of the Children. Vogt has immunity for statements she made in Court and to DHS.

## IV.    CONCLUSION

All of Plaintiffs' claims against Vogt must be dismissed. Maria has no individual claims against Vogt because Maria alleges no injury or damage that is compensable under Oklahoma law. Claims on behalf of H.S.V. fail because the Complaint alleges no facts suggesting that Vogt owed a duty to H.S.V. or that Vogt had any notice of the allegations of abuse that purportedly occurred one day before the Complaint was filed. There is no private right of action to enforce Oklahoma's child abuse reporting statutes. The Complaint alleges no facts showing the existence of a contract obligating Vogt to protect the best interest of the Children. Vogt is entitled to the same immunity afforded the Guardian Ad Litem and is entitled to judicial immunity. Further, the litigation privilege accords Vogt immunity for comments made during the course of or preliminary to judicial proceedings. Vogt respectfully requests that the Court dismiss all of Plaintiffs' claims against her.

Respectfully Submitted,

s/ Paige N. Shelton
Robert D. James, OBA #16667
Paige N. Shelton, OBA #20330
CONNER & WINTERS, LLP
4100 First Place Tower
15 E. 5th St.
Tulsa, OK 741036
918-586-8558
*Rob.James@cwlaw.com*
*PShelton@cwlaw.com*

*Attorneys for Defendant Jaime Vogt*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen, II
Laura Hamilton
Dustin Vanderhoof

*Attorneys for Plaintiffs*

Todd G. Tucker
Bradley W. Welsh

*Attorneys for Welsh & McGough, PLLC and Catherine Welsh*

s/ Paige N. Shelton
Paige N. Shelton