## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARIA DEL ROSARIO CHICO VIETTI,   )
Individually and as Parent and Next Friend of   )
A.R.V., P.F.V., and H.S.V, minor children,   )
   )   Case No. 21-CV-58-JFH-CDL
   Plaintiffs,   )
   )
vs.   )
   )
WELSH & MCGOUGH, PLLC, an Oklahoma   )
Professional Limited Liability Corporation;   )
CATHERINE WELSH, an Individual, and   )
JAIME VOGT, LPC, an Individual,   )
   )
   Defendants.   )

---

### DEFENDANT JAIME VOGT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

Respectfully Submitted By:

Robert D. James, OBA #16667
Paige N. Shelton, OBA #20330
CONNER & WINTERS, LLP
4100 First Place Tower
15 E. 5th St.
Tulsa, OK 74103
918-586-8558
*Rob.James@cwlaw.com*
*PShelton@cwlaw.com*

*Attorneys for Defendant Jaime Vogt*

## TABLE OF CONTENTS

I.      BRIEF SUMMARY OF THE RELEVANT FACTS ........................................................2
        1.      THE DIVORCE/CUSTODY ACTION...............................................3
        2.      VOGT'S INDIVIDUAL COUNSELING SERVICES TO A.R.V.
                AND P.F.V., NOT H.S.V. OR MARIA ............................................4
        3.      ULTERIOR MOTIVES IN BRINGING THIS ACTION .....................4

II.     STANDARD FOR DISMISSAL ...............................................................5

III.    ARGUMENT & AUTHORITIES ..............................................................6
        1.      MARIA'S INDIVIDUAL CLAIMS FAIL.........................................6
        2.      STATE CLAIMS FAIL.....................................................................7
                A.      No Private Right of Action Exists for Failure to Report Abuse .................7
                B.      Mere Labels and Conclusions About a Contract Are
                        Insufficient ...........................................................................7
        3.      FEDERAL CLAIMS FAIL – 14TH AMENDMENT .........................8
                A.      Requirements to Plead a Violation of 14th Amendment Rights...................8
                B.      Vogt Is Not a State Actor ......................................................9
                        i.      Vogt Did Not Act Jointly With A State Actor ...............................10
                C.      Vogt's Alleged Actions Do Not "Shock the Conscious"........................12
                D.      Vogt Has No Liability for Harm Inflicted by Others...............................13
                        i.      No Special Relationship Existed........................................13
                        ii.     Vogt Did Not Create the Danger ...................................14
                E.      Vogt Is Entitled to Qualified Immunity .........................................15
        4.      FEDERAL CLAIMS FAIL – 8TH AMENDMENT ............................16
        5.      PUNITIVE DAMAGES ARE NOT A SEPARATE CLAIM ...............17
        6.      VOGT IS IMMUNE FROM PLAINTIFFS' CLAIMS .........................17
                A.      Vogt Is Entitled to Same Immunity Afforded the Guardian Ad
                        Litem .....................................................................................17
                B.      Vogt Is Entitled to Judicial Immunity.............................................18
                C.      Vogt Is Entitled to Immunity Under the Litigation Privilege...................19
        7.      ABSTENTION TO AVOID INTERFERENCE.....................................20
                A.      *Younger Doctrine* ...............................................................20
                B.      *Rooker-Feldman Doctrine* ........................................................21

IV.     CONCLUSION...............................................................................22

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) ........................................................ 9

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ...................................................................... 5

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ............................................................. 5, 6

*Briggs v. Okla. ex rel. Okla. DHS*, 472 F. Supp. 2d 1294, 1301 (W.D. Okla. 2007) ............ 13, 14

*Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019) ...................................................... 17

*Crown Point I, LLC v. Intermountain Rural Elec. Assn.*, 319 F.3d 1211, 1215 (10th
     Cir. 2003) ............................................................................................................................. 20

*Cty. of Sacramento v. Lewis,* 523 U.S. 833, 834 (1998).................................................... 8, 12

*D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ................................ 21

*DeAnzona v. City & Cty. of Denver*, 222 F.3d 1229, 1234 (10th Cir. 2000)................................ 14

*DeShaney v. Winnebago Cty. Dept. of Soc. Srvs.,* 489 U.S. 189, 195 (1989) .................... 8, 13, 14

*Doe v. Woodard*, 912 F.3d 1278, 1300 (10th Cir. 2019) ............................................................. 8

*Douglas v. Miller*, 864 F. Supp. 2d 1205, 1218 (W.D. Okla. 2012)............................................ 9

*Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005)................... 9

*Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).............................................. 15

*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)............. 9, 10, 11

*Green v. Post*, 574 F.3d 1294, 1300 (10th Cir. 2009) ............................................................ 15, 16

*Hartley v. Williamson*, 18 P.3d 355, 356 (Okla. App. 2000)............................................... 18, 19

*Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) .......................................................... 9

*Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir.1995).................................................................. 10

*Kirschstein v. Haynes*, 788 P.2d 941 (Okla. 1990)..................................................................... 19

*Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017).................................................................. 21

*Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) ............................................................... 15

*Liebson v. N.M. Corrs. Dept.,* 73 F.3d 274, 276 (10th Cir. 1996)............................................... 13

*Matthews v. Bergdorf*, 889 F.3d 1136, 1143 (10th Cir. 2018)..................................................... 13

*Mullenix v. Luna*, 577 U.S. 7, 12 (2015) ............................................................................... 15, 16

*Pac. Emps. Ins. Co. v. Adams*, 168 P.2d 105 (Okla. 1946)........................................................ 19

*Paulson v. Sternlof*, 15 P.3d 981, 984 (Okla. App. 2000) ............................................................ 7

*Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008)...................................................... 5, 6, 8

*Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993) .............................. 17

*Ruiz v. McDonnell*, 299 F.3d 1173, 1184 (10th Cir. 2002)........................................................... 8

*Samson Inv. Co. v. Chevaillier*, 989 P.2d 327, 329 (Okla. 1999).............................................. 19

*Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1157 (10th Cir. 2016) .................................. 11

*Seidenbach's Inc. v. Williams*, 361 P.2d 185, 187 (Okla. 1961) ................................................. 6

*Slaton v. Vansickle*, 872 P.2d 929, 931 (Okla. 1994) .................................................................. 7

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)........................................................... 20

*The Wilderness Soc'y. v. Kane Cnty.*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011)....................... 21

*Uhlrig v. Harder*, 64 F.3d 567, 572-3 (10th Cir. 1995).............................................................. 14

*Van Hoy v. Okla. Coca-Cola Bottling Co.*, 235 P.2d 948 (Okla. 1951) ................................... 6, 7

*Whitley v. Albers*, 475 U.S. 312 (1986) .................................................................................... 16

*Younger* ........................................................................................................................................ 21

*Younger v. Harris*, 401 U.S. 37 (1971)............................................................................... 20, 21

ii

**Statutes and Rules**

10A O.S. § 1-2-101 ........................................................................................................ 7

10A O.S. § 1-2-101(D)(1) ............................................................................................ 16

23 O.S. § 9.1 ................................................................................................................... 17

42 U.S.C. § 1983 ........................................................................................................ 1, 9

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 1, 5

**Constitutional Provisions**

U.S. Const. Amend. XIV, § 1 ......................................................................................... 8

## DEFENDANT JAIME VOGT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

Defendant Jaime Vogt, LPC ("Vogt" pronounced "Vote") moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) and principles of comity and federalism, to dismiss the claims and allegations made against her in Plaintiffs' First Amended Complaint [Dkt 13]. Vogt is a licensed professional counselor, and as such she provided individual counseling services to Plaintiffs A.R.V. and P.F.V. generally during the time period of August 2018 through 2019; she has never provided individual counseling services to either Plaintiff Maria del Rosario Chico Vietti ("Maria") or to Plaintiff H.S.V. At all relevant times, the three minor Plaintiff children (A.R.V., P.F.V., and H.S.V. are collectively referred to herein as the "Children") have been in the care and custody of Maria, their biological mother, and/or Christopher Vietti ("Christopher"), their biological father. In the midst of a protracted divorce and custody lawsuit between Maria and Christopher in the Tulsa County District Court, Maria, on behalf of herself and the Children, attempts here to assert in Federal Court a state law negligence claim, a state law breach of contract claim, and federal claims under 42 U.S.C. § 1983 against Vogt to recover money.

Maria has no viable individual claims against Vogt because Maria has not alleged any relationship between herself and Vogt and has not alleged any injury that is compensable under Oklahoma law. As to all of Plaintiffs' negligence claims, there is no private right of action to enforce Oklahoma's child abuse reporting statute. As to all of Plaintiffs' breach of contract claims, Plaintiffs have alleged no facts demonstrating the existence of a contract obligating Vogt to "represent the best interest of the minor children." Plaintiffs' 14th Amendment claims fail as Vogt is not a state actor and the negligence alleged in Plaintiffs' First Amended Complaint fails to rise to the level of a constitutional violation. Even if Plaintiffs could state a 14th Amendment claim, Vogt would be entitled to qualified immunity. Plaintiffs' 8th Amendment claims fail

1

because no Plaintiff is an incarcerated person. Plaintiffs' "claims" for punitive damages fail as this is an element of recovery, not a separate claim. Under these circumstances, Vogt is entitled to the same immunity afforded Defendant Catherine Welsh ("Welsh") as the Guardian Ad Litem, is entitled to judicial immunity, and the litigation privilege shields Vogt from liability.

Additionally, this Court should exercise judicial restraint to avoid consideration of Plaintiffs' First Amended Complaint. Plaintiffs are already involved in numerous proceedings and investigations with various Oklahoma State Courts and agencies. In particular, Judge Tammy Bruce in the Tulsa County District Court presides over the on-going custody dispute of the Children which began in May 2018 and remains active. (Tulsa County Oklahoma, Case No. FD-2018-1255, is referred to herein as the "Divorce/Custody Action.") Maria's allegations that Christopher abused the Children and her dissatisfaction with the Defendants are being sufficiently addressed by Judge Bruce. This Court should not accept Plaintiffs' invitation to interfere with or second-guess the orders of Judge Bruce. Considerations of judicial economy, expediency, and comity justify restraint by this Court.

## I.      BRIEF SUMMARY OF THE RELEVANT FACTS

For years Maria and Christopher have been locked in a highly contentious custody battle over the Children. Since 2018 and continuing to this day, various Oklahoma courts, agencies, and persons have been involved with the Vietti family concerning Maria's allegations that Christopher is an abuser and should not have custody of the Children. Maria has filed two police reports,[1] sought four different protective orders,[2] and two criminal misdemeanor actions have

---

[1] Tulsa County Sheriffs Office Case Nos. 2018-04660 reported on 5/24/2018 and 2018-04840 reported on 5/30/2018.

[2] Tulsa County District Court Case Nos. PO-2018-1757 filed 5/24/2018; PO-2018-4106 filed 11/19/2018; PO-2020-3718 filed 12/4/2020; and PO-2021 filed 2/22/2021. This Court can take judicial notice of the publicly available dockets on *www.oscn.net*.

been filed.[3] DHS has received and investigated Maria's multiple reports of abuse by Christopher against the Children.[4] Plaintiffs' First Amended Complaint in this matter appears to be filed by Maria for the purpose of strengthening her position in the Divorce/Custody Action if not for punishing and discrediting Vogt because Maria cannot, or at least has not yet, convinced Judge Bruce in the Divorce/Custody Action that Christopher abused the Children and that Maria should get sole custody of the Children.

1.      **THE DIVORCE/CUSTODY ACTION**

Christopher filed for divorce from Maria on May 17, 2018 and sought sole custody of the Children. On May 25, 2018, Maria initiated a separate legal action to seek a Protective Order alleging that A.R.V. and P.F.V. had been physically abused by Christopher several times. (Tulsa County District Court Case No. PO-2018-1757) The alleged abuse identified in Maria's May 25, 2018 Petition for Protective Order purportedly occurred on March 23, 2018 and prior. On May 30, 2018, Maria reported to the Tulsa County Sheriff that Christopher abused the Children (Case Number 2018-04840). On June 1, 2018, Maria filed a Motion for Emergency Ex-Parte Temporary Order in the Divorce/Custody Action alleging that A.R.V. and P.F.V. had been physically abused by Christopher several times. That June 1, 2018 court document reflects that Maria's allegations that Christopher abused A.R.V. and P.F.V. had already been referred to DHS where an active investigation was on-going. On July 12, 2018, Judge Bruce in the Divorce/Custody Action appointed Welsh to serve as the Guardian Ad Litem for the Children. As recognized in a July 18, 2018 Court Order, Christopher and Maria agreed to adopt all

---

[3] Tulsa County District Court Case Nos. CM-2018-5483 filed 11/16/2018 and closed 12/2/2019; and CM-2020-4176 filed 11/30/2020. This Court can take judicial notice of the publicly available dockets on *www.oscn.net*.

[4] *See e.g.* DHS report numbers 1922624; 2120290; and 2135397.

3

recommendations of the Guardian Ad Litem. One of the recommendations of the Guardian Ad Litem was for Vogt to provide individual counseling services. Various orders have been entered in the Divorce/Custody Action regarding custody of the Children. At times Maria has been awarded temporary sole custody of the Children and at other times Christopher has been awarded temporary sole custody of the Children. The Divorce/Custody Action remains pending and no final order regarding custody of the Children has been entered at this time.

**2.     VOGT'S INDIVIDUAL COUNSELING SERVICES TO A.R.V. AND P.F.V., NOT H.S.V. OR MARIA**

Beginning in approximately August 2018 and ending in approximately October 2019, Vogt provided individual counseling services to A.R.V.  Beginning in approximately February 2019 and ending in approximately October of 2019 Vogt provided individual counseling services to P.F.V. Some of these counseling sessions included Maria and some of these counseling sessions included Christopher. Vogt has not provided any individual counseling services to either Maria or to H.S.V. Long before Vogt had even met any member of the Vietti family, Maria's allegations that Christopher abused the Children had been known by and were being handled by DHS and the Tulsa County District Court.

**3.     ULTERIOR MOTIVES IN BRINGING THIS ACTION**

Maria's ultimate grievance with Vogt is that Vogt did not have a reasonable belief, nor did Vogt suspect that the Children were victims of abuse at the hands of Christopher, their father. Maria's apparent frustrations with Oklahoma DHS, the Oklahoma criminal justice system, and the rulings of Judge Bruce in the Divorce/Custody Action do not translate into cognizable claims against Vogt under either Oklahoma law or federal law, and this Court should abstain from entering into or second-guessing decisions made in the on-going custody battle for these Children.

## II.     STANDARD FOR DISMISSAL

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. As the United States Supreme Court has stated: "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*).

While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*). "Threadbare recitals of the elements of a cause of actions, supported by mere conclusory statements, do not suffice." *Id.*

Where there are multiple defendants, "it is particularly important [...] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis

in original). Otherwise, a complaint fails to provide fair notice and to present a plausible right to relief.

### III.   ARGUMENT & AUTHORITIES

### 1.   MARIA'S INDIVIDUAL CLAIMS FAIL

Plaintiffs' First Amended Complaint fails to provide Vogt with notice of the basis for the alleged state and federal claims brought by Maria against Vogt and thus falls below the plausibility standard required by *Twombly*. Maria has failed to allege what duties were owed to her by Vogt or the exact manner in which those duties were allegedly breached. Vogt never provided any individual counseling services to Maria, and Plaintiffs' First Amended Complaint does not allege otherwise. Maria has not alleged sufficient facts to demonstrate that Vogt violated Maria's constitutional or state law rights. Plaintiffs' First Amended Complaint fails to identify any injury or damage to Maria individually that resulted from Vogt's alleged conduct and which is compensable under State or Federal law. Vogt is entitled to fair notice of the nature of the claims against her and the grounds on which those claims rest. *See e.g. Robbins*, 519 F.3d at 1248. Here, the purported claims asserted by Maria against Vogt in Plaintiffs' First Amended Complaint provide no more than labels and conclusions and should be dismissed.

To the extent that Maria may be attempting to state a claim that Vogt's conduct vis-à-vis the Children caused Maria to suffer mental anguish and emotional distress, such a claim fails. Under Oklahoma law, a plaintiff cannot recover damages solely based on mental anguish and emotional distress. *See e.g. Seidenbach's Inc. v. Williams*, 361 P.2d 185, 187 (Okla. 1961); *Van Hoy v. Okla. Coca-Cola Bottling Co.*, 235 P.2d 948 (Okla. 1951).

Even if there was some physical injury accompanying Maria's hypothetical claim for emotional distress, such a claim fails as it would be based on a bystander theory. The long-standing rule in Oklahoma is that "recovery for mental anguish is restricted to such mental pain

and suffering as arises from an injury or wrong to the person rather than from another's suffering or wrongs committed against another person." *Slaton v. Vansickle*, 872 P.2d 929, 931 (Okla. 1994) (citations omitted). The Oklahoma Supreme Court has specifically explained that a parent cannot claim mental distress for pain suffered by her child: "Nor can a parent recover for mental distress and anxiety on account of physical injury sustained by a child or for anxiety for the safety of his child placed in peril by the negligence of another." *Van Hoy*, 235 P.2d at 949 (internal quotations and citations omitted). All of Maria's individual claims against Vogt must be dismissed.

## 2.    STATE CLAIMS FAIL

### A.    No Private Right of Action Exists for Failure to Report Abuse

Vogt's purported failures with respect to reporting Christopher's alleged abuse of the Children to DHS when Maria's allegations of abuse were already being investigated by DHS is not actionable under 10A O.S. § 1-2-101, Oklahoma's child abuse reporting statute, because this statute does not create a private right of action. In *Paulson v. Sternlof*, the Oklahoma Court of Civil Appeals held that "the child reporting statutes do not create a private right of action." 15 P.3d 981, 984 (Okla. App. 2000). The *Paulson* Court reasoned: "Knowing and willful failure to report is a criminal misdemeanor . . . There is no provision, however, for civil liability." *Id.* Plaintiffs' negligence claims must be dismissed as a matter of law.

### B.    Mere Labels and Conclusions About a Contract Are Insufficient

Plaintiffs' First Amended Complaint fails to allege facts showing the existence of a contract that imposed a duty on Vogt to "represent the best interest of the minor children" in the Divorce/Custody Action. Although Paragraph 47 of Plaintiffs' First Amended Complaint recites the first element of a breach of contract claim, this threadbare recital without further identification of the facts underlying this claim fails to satisfy the pleading requirements. Further,

7

Plaintiffs' First Amended Complaint in Paragraphs 22, 23, and 29 takes issue with Vogt for there purportedly being no written consent (i.e. no contract) for Vogt to provide services to the Children. Plaintiffs can't have it both ways—either a contract existed or it didn't. Plaintiffs have not alleged sufficient facts to demonstrate that Vogt entered into a contract that imposed a duty on Vogt to represent the best interest of the minor children in the Divorce/Custody Action. Vogt is entitled to fair notice of the nature of the claims against her and the grounds on which those claims rest. *See e.g. Robbins*, 519 F.3d at 1248. Here, the purported breach of contract claims in Plaintiffs' First Amended Complaint provide no more than labels and conclusions and should be dismissed.

**3.      FEDERAL CLAIMS FAIL – 14TH AMENDMENT**

**    A.      Requirements to Plead a Violation of 14th Amendment Rights**

Plaintiffs' First Amended Complaint vaguely suggests that Plaintiffs are attempting to assert claims that their substantive due process rights under the 14th Amendment were violated by Vogt. The 14th Amendment provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. The 14th Amendment "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cty. Dept. of Soc. Srvs.,* 489 U.S. 189, 195 (1989). "[I]t does not transform every tort committed by a state actor into a constitutional violation." *Id.* at 202. "[O]nly the most egregious executive action can be said to be 'arbitrary' in the constitutional sense." *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 834 (1998) (citation omitted). To generate liability, executive action must be so ill-conceived or malicious that it "shocks the conscience." *Id.* Mere negligence is insufficient to shock the conscience and give rise to a due process violation. *See id.*; *Doe v. Woodard*, 912 F.3d 1278, 1300 (10th Cir. 2019); *Ruiz v. McDonnell*, 299 F.3d 1173, 1184 (10th Cir. 2002).

8

### B.   Vogt Is Not a State Actor

A claim under 42 U.S.C. § 1983 requires <u>both</u> an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," <u>and</u> that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (citation omitted). Because Section 1983 is designed to protect individuals from violations of their rights by state actors, the only proper defendants in a Section 1983 claim are those who represent the state in some capacity. *See e.g. Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). The state action requirement of Section 1983 necessarily "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co.,* 526 U.S. at 50 (internal quotations and citation omitted). "A complaint which fails to allege facts to show that a private person or entity exerted influence over a state actor, substituted its judgment for that of the state actor, or participated in the conduct underlying the claim is insufficient to state a § 1983 claim for relief against the private entity." *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1218 (W.D. Okla. 2012) (citation omitted). "It is 'only in rare circumstances' that private parties can be viewed as state actors." *Estades-Negroni v. CPC Hosp. San Juan Capestrano,* 412 F.3d 1, 4 (1st Cir. 2005) (brackets omitted) (quoting *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992)).

Plaintiffs' First Amended Complaint shows that Vogt is not a state actor. The caption identifies Vogt as a licensed professional counselor. Paragraph 11 alleges that Vogt acted as a licensed counselor and that Maria paid Vogt for Vogt's services as a licensed counselor. Plaintiffs' allegations that Vogt, a *private* citizen employed in *private* practice, violated their constitutional rights are self-defeating because the essence of a Section 1983 claim is that the defendant acted under *State* authority.

9

Even if Vogt could be considered a state actor, there is no nexus between Vogt's alleged unconstitutional conduct and Vogt's purported status as a state actor. "[T]he fact that a tort was committed by an individual employed by the state does not, *ipso facto,* warrant attributing all of the employee's actions to the state." *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir. 1995) (internal quotation marks omitted). "[T]he fact that a private entity contracts with the government or receives governmental funds or other kinds of governmental assistance does not automatically transform the conduct of that entity into state action." *Gallagher*, 49 F.3d at 1448. Rather, "before conduct may be fairly attributed to the state because it constitutes action 'under color of state law,' there must be 'a real nexus' between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant." *Jojola*, 55 F.3d at 493 (quotation omitted).

Even if Vogt was appointed by the Court in the Divorce/Custody Action to act as a licensed counselor, Vogt was acting in her private capacity when she provided individual counseling services, when she chose not to make a DHS report, and when she provided information to DHS and to the Court in the Divorce/Custody Action. Any person and not just a state actor can make or not make a DHS report and/or provide information to DHS. Any person and not just a state actor can provide testimony in court. There is no nexus between Vogt's purported state authority and the actions of Vogt alleged in Plaintiffs' First Amended Complaint.

i.     *Vogt Did Not Act Jointly With A State Actor*

Perhaps anticipating dismissal because Vogt is clearly not a state actor, Plaintiffs' First Amended Complaint alludes to several "schemes" presumably to suggest that Vogt was acting jointly with a state actor. "[A] private party acts under color of state law if that party is a "willful participant in joint action with the State or its agents." *Schaffer v. Salt Lake City Corp.*, 814 F.3d

10

1151, 1157 (10th Cir. 2016) (internal quotations and citation omitted). The focus of the joint-action inquiry is "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Gallagher*, 49 F.3d at 1453.

In Paragraphs 41-44 of Plaintiffs' First Amended Complaint, Vogt was purportedly involved in a scheme with Christopher's legal counsel in the Divorce/Custody Action. Christopher's legal counsel in the Divorce/Custody Action is not alleged to be a state actor. Plaintiffs have no Section 1983 claim for any alleged joint action between Vogt and a private attorney because there is no state actor involved.

Plaintiffs' First Amended Complaint cannot be fairly construed as stating a claim of joint action between Vogt and DHS. Rather than alleging that Vogt substantially cooperated with DHS, the allegation here is that Vogt failed to cooperate with DHS. Plaintiffs' First Amended Complaint in Paragraphs 28 & 32 accuses Vogt of providing misinformation to DHS. The Tenth Circuit has "consistently held that furnishing information to law enforcement officers, without more, does not constitute joint action under color of state law." *Schaffer,* 814 F.3d at 1157. Plaintiffs have no Section 1983 claims for any alleged joint action between Vogt and DHS because there was no alleged joint action.

The cursory statements alluding to joint action between Vogt and Welsh in Plaintiffs' First Amended Complaint are wholly insufficient to give Vogt notice of the nature of the claims against her and the grounds upon which those claims rest. There are no allegations that Welsh, presumably alleged by Plaintiffs to be a state actor, participated in or influenced the actions taken (or not taken) by Vogt. Rather it was the other way around as Plaintiffs allege in Plaintiffs' First Amended Complaint at Paragraph 39 that Vogt is the one who shared her "findings and opinions with" Welsh. There are no factual allegations in Plaintiffs' First Amended Complaint showing

11

that Vogt and Welsh shared a common, unconstitutional goal of depriving Plaintiffs of their constitutional rights. Instead, Plaintiffs' First Amended Complaint at Paragraph 44 alleges that Vogt acted to financially benefit herself individually. Plaintiffs have not stated Section 1983 claims because there are insufficient allegations of joint action.

### C.    Vogt's Alleged Actions Do Not "Shock the Conscious"

The alleged conduct of Vogt that is set forth in Plaintiffs' First Amended Complaint falls well short of "shocking the conscious." Indeed, Vogt's alleged actions do not even rise to the level of negligence. Christopher is alleged by Maria to have begun abusing the Children months and months before Vogt had even met the Vietti family, and those allegations were already being addressed by DHS and by the Tulsa County District Court. *See* Plaintiffs' First Amended Complaint at Paragraph 16. Vogt is not alleged to have caused any direct danger or damage to the Children. Rather, Vogt's alleged wrongs are: (1) failing to make a report of child abuse to DHS when such abuse allegations were already public knowledge and were already being investigated by DHS; (2) communicating to DHS during DHS' investigations that she, Vogt, did not have a reasonable belief, nor did she suspect that the Children were victims of abuse at the hands of their father; and (3) communications to the Guardian Ad Litem and the Court in the Divorce/Custody Action that she, Vogt, did not have a reasonable belief, nor did she suspect that the Children were victims of abuse at the hands of their father. Plaintiffs' First Amended Complaint fails to allege actions tending to establish that Vogt's actions "shock the conscious." Mere negligence is insufficient to shock the conscious and establish a foundation for a due process violation. *See e.g Cty. of Sacramento,* 523 U.S. at 834. Plaintiffs have failed to adequately plead a cognizable claim for the alleged violation of Plaintiffs' rights under the 14th Amendment so these claims must be dismissed as a matter of law.

## D.     Vogt Has No Liability for Harm Inflicted by Others

It is well settled that a state actor generally may not be held liable under the 14th Amendment for harm inflicted by a private actor. *See e.g. DeShaney,* 489 U.S. at 195-197 ("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors"). "Generally, state actors are liable under the due process clause only for their own acts and not for the violent acts of third parties." *Liebson v. N.M. Corrs. Dept.,* 73 F.3d 274, 276 (10th Cir. 1996) (citation omitted). "The explanation is simple: Where private violence is responsible for the harm, the state actor has not deprived the victim of any constitutional right; rather the private individual has deprived the victim of life, liberty, or property." *Matthews v. Bergdorf*, 889 F.3d 1136, 1143 (10th Cir. 2018) (citations omitted). In the 10th Circuit there are only two recognized exceptions to this rule. *Id.* The first exception, known as the special relationship doctrine, exists when the state assumes control over an individual sufficient to trigger an affirmative duty to provide protection to that individual. *See e.g. Briggs v. Okla. ex rel. Okla. DHS*, 472 F. Supp. 2d 1294, 1301 (W.D. Okla. 2007). The second exception, sometimes referred to as the danger creation theory, provides that a state may also be liable for an individual's safety if it created the danger that harmed the individual. *See id.* at 1302.

### i.     *No Special Relationship Existed*

Plaintiffs' First Amended Complaint fails to allege the existence of a "special relationship" between any Plaintiff and Vogt whereby Vogt restrained any Plaintiff's freedom to act. "The affirmative duty to protect arises not from the State's knowledge of the individual's predicament . . . but from the limitation which it has imposed on her freedom to act on her own behalf." *Briggs*, 472 F. Supp. 2d at 1301 (quotation and citation omitted). There is no allegation here that there was a custodial relationship between Vogt and any Plaintiff. "Where the parents

are still the primary care givers for the child there is no special relationship and no due process violation." *DeAnzona v. City & Cty. of Denver,* 222 F.3d 1229, 1234 (10th Cir. 2000) (citation omitted). There is no special relationship alleged between Vogt and Plaintiffs.

ii.     *Vogt Did Not Create the Danger*

Plaintiffs' First Amended Complaint fails to allege a constitutionally cognizable danger created by Vogt. "[I]t is not enough to show that the state increased the danger of harm from third persons; the [Section] 1983 plaintiff must also show that the state acted with the requisite degree of culpability in failing to protect the plaintiff." *Uhlrig v. Harder*, 64 F.3d 567, 572-3 (10th Cir. 1995) (internal quotation and citation omitted). The claim must be "predicated on reckless or intentionally injury-causing state action which 'shocks the conscience'." *Id.* at 572 (footnote omitted). There must be affirmative conduct on the part of the state in placing the plaintiff in danger. *See e.g. DeShaney*, 489 U.S. at 200. "[I]t is important to distinguish between official conduct that intentionally and/or recklessly creates or substantially contributes to the creation of danger and a failure to act that does not decrease or eliminate a pre-existing danger." *Briggs*, 472 F. Supp. 2d at 1302.

Christopher, the Children's father, is alleged by Maria to have committed the harm in Plaintiffs' First Amended Complaint, not Vogt. It is not alleged that Vogt in any way abused or physically injured the Children. It is not alleged that Vogt participated in or witnessed this alleged abuse. It is not alleged that Vogt had any control over the Court's decisions with respect to Christopher's custody of the Children.  It is not alleged that Vogt had any control over DHS' investigations of Maria's allegation of abuse.  It is not alleged that Vogt, a licensed professional counselor in private practice, had any control over the actions of Christopher, a private individual, with respect to Christopher's own Children. At most, Vogt's alleged failures did not

14

eliminate a pre-existing danger to the Children. Vogt's alleged actions do not rise to the level of conduct necessary to show that Vogt intentionally or recklessly created or contributed to the creation of a danger to the Children.

> **E.      Vogt Is Entitled to Qualified Immunity**

Even if Plaintiffs had stated a 14th Amendment claim, those claims against Vogt are barred by the doctrine of qualified immunity. "Individual defendants named in a § 1983 action may raise a defense of qualified immunity, which shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (citation, ellipsis, and quotations omitted). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quotations and citation omitted). Upon the filing of a motion to dismiss, the plaintiff bears the burden of showing "both that a constitutional violation occurred and that the constitutional right was clearly established at the time of the alleged violation." *Green v. Post*, 574 F.3d 1294, 1300 (10th Cir. 2009) (quotations and citation omitted). "[O]fficials enjoy a presumption of immunity when the defense of qualified immunity is raised." *Lewis v. Tripp,* 604 F.3d 1221, 1225 (10th Cir. 2010) (citations and quotations omitted). "Qualified immunity is an immunity from suit rather than a mere defense to liability." *Id.*

Assuming for purposes of argument here that Vogt is a state actor (she isn't – see Section 3(B) above), Vogt is shielded from liability unless her conduct was unreasonable in light of clearly established law. To avoid dismissal, Plaintiffs now bear the burden of showing that a constitutional violation occurred. As already discussed in Sections 3(C) & 3(D), Plaintiffs' First Amended Complaint fails to adequately allege a constitutional violation. Thus, Plaintiffs will not be able to meet their burden of proof to overcome the presumption of immunity.

Additionally, Plaintiffs bear the burden of showing that the constitutional right allegedly violated by Vogt was clearly established at the time of the alleged violation. A constitutional right is clearly established only if it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix*, 577 U.S. at 11 (internal quotations and citation omitted). "[A] plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. A plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity." *Green*, 574 F.3d at 1300 (internal quotations and citations omitted).

Again, Plaintiffs will be unable to meet their burden of proof because there is no clearly established right requiring Vogt to act any differently than what has been alleged here. Plaintiffs' primary complaint is that Vogt did not tell the police, DHS, Welsh, and the Court in the Divorce/Custody Action that Christopher abused the Children. However, there is no law that requires Vogt to have that opinion or to make those communications merely because Maria and/or the Children alleged abuse. In fact, "[a]ny person who knowingly and willfully makes a false report […] or a report that the person knows lacks factual foundation may be reported to local law enforcement for criminal investigation and, upon conviction thereof, shall be guilty of a misdemeanor." 10A O.S. § 1-2-101(D)(1). Plaintiffs also take issue with Vogt providing individual counseling services to the Children and with Vogt's administrative paperwork. Again, even if Plaintiffs' allegations are assumed to be true, Vogt's alleged conduct in these regards does not violate any clearly established constitutional right.

4.   **FEDERAL CLAIMS FAIL – 8TH AMENDMENT**

The 8th Amendment prohibits the government from subjecting an incarcerated person to excessive force. *See e.g. Whitley v. Albers*, 475 U.S. 312 (1986). It addresses cruel and unusual

16

punishment of individuals who have already been convicted of crimes. *See e.g. Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019).

The 8th Amendment is inapplicable. Plaintiffs' First Amended Complaint does not allege that any Plaintiff is an incarcerated person or that any Plaintiff has been convicted of a crime. Plaintiffs' First Amended Complaint does not allege that any Plaintiff has been subjected to excessive force at the hands of any Defendant or that any Defendant has used cruel and unusual punishment against any Plaintiff.

For the reasons set forth in Section 3(B) above, Vogt is not a state actor on whom Section 1983 liability can be imposed.

For the reasons set forth in Section 3(F), Vogt is entitled to qualified immunity.

**5.    PUNITIVE DAMAGES ARE NOT A SEPARATE CLAIM**

"A plea for punitive damages is generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993) (citations omitted). "The plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages." *Id.* (citations omitted). Further, punitive damages are not available for breach of contract. 23 O.S. § 9.1. Count IV of Plaintiffs' First Amended Complaint titled "Punitive Damages" must be dismissed.

**6.    VOGT IS IMMUNE FROM PLAINTIFFS' CLAIMS**

**A.    Vogt Is Entitled to Same Immunity Afforded the Guardian Ad Litem**

By Order dated July 18, 2018 in the Divorce/Custody Action, Maria and Christopher agreed to adopt all recommendations of the Guardian Ad Litem. One of the recommendations of the Guardian Ad Litem was for Vogt to provide individual counseling services to A.R.V. Thus, Vogt is entitled to the same immunity afforded the Guardian Ad Litem. Vogt incorporates by

17

reference those arguments in the Motion of Welsh & McGough, PLLC and Catherine Welsh to Dismiss First Amended Complaint for Failure to State a Claim [Dkt 20].

### B.    Vogt Is Entitled to Judicial Immunity

Vogt is cloaked with judicial immunity from Plaintiffs' claims. In *Hartley v. Williamson*, the Hartleys divorced, and the mother was granted custody of the couple's two minor children. 18 P.3d 355, 356 (Okla. App. 2000). Multiple court actions followed concerning custody of the children, including an allegation by the mother that the father abused the daughter. While at the courthouse for a hearing in the custody matter, an attorney for the mother contacted the defendant, a psychologist, who consented to act as the court authorized counselor. *Id.* at 356-357. Father's attorney agreed to the defendant's selection "and the psychologist was engaged to counsel the parties as per the trial court's order." *Id.* at 357. The defendant psychologist testified at a hearing in the custody matter, apparently in a way that the mother didn't like. Afterwards, the mother sued the defendant psychologist individually and on behalf of the daughter for negligence, intentional infliction of emotional distress, deceit, and conspiracy to commit abuse of process. The trial court granted summary judgment in favor of the defendant psychologist on all the mother's claims. *Id.*

The Oklahoma Court of Appeals affirmed, finding that the witness status of the defendant psychologist was sufficient to immunize her from the lawsuit. *Hartley*, 18 P.3d at 358. "The immunity of [the psychologist], as a court-authorized witness, is of a greater scope than that of a witness called by one of the parties. [The psychologist]'s role was that of an advisor to the trial court, playing an integral part in the judicial decision-making process. Performing an adjudicative act, [the psychologist] was cloaked with judicial immunity." *Id.* at 358 (citations omitted).

Here, Maria and Christopher agreed for Vogt to provide individual counseling services. The Court's order acknowledged this agreement and Vogt was thus engaged. Vogt's acts and omissions about which Plaintiffs complain here were adjudicative acts. Vogt is immune from Plaintiffs' claims.

### C.      Vogt Is Entitled to Immunity Under the Litigation Privilege

The litigation privilege provides Vogt with immunity for comments made during the course of or preliminary to judicial proceedings. The litigation privilege "accords attorneys, parties, jurors and witnesses immunity for comments or writings made during the course of or preliminary to judicial or quasi-judicial proceedings." *Samson Inv. Co. v. Chevaillier*, 989 P.2d 327, 329 (Okla. 1999); *see also Pac. Emps. Ins. Co. v. Adams,* 168 P.2d 105 (Okla. 1946); *Kirschstein v. Haynes,* 788 P.2d 941 (Okla. 1990). "[T]he litigation privilege applies only when the communication is (1) relevant or has some relation to a proposed proceeding and (2) circumstances surrounding the communication have some relation to the proposed proceeding." *Id.* at 330 (citation omitted). "[T]he privilege applies regardless of whether they [the communications] are true or false." *Id.* (internal quotations and citation omitted).

Vogt has immunity from Plaintiffs' claims which are based upon statements that Vogt made during the course of the Divorce/Custody Action and the DHS investigations. *See Hartley*, 18 P.3d at 358 (The litigation privilege "also would cover the negligence, deceit and conspiracy claims of Mother and Daughter, which are all founded on Doctor's (psychologist) testimony at a judicial proceeding. Thus, we conclude that Doctor does have immunity and that the immunity is from each claim of Mother and Daughter.") Any statements that Vogt made about or concerning any member of the Vietti family were relevant to the Divorce/Custody Action and to the DHS investigations. The circumstances surrounding Vogt's statements to DHS and Vogt's in-court statements relate to the Divorce/Custody Action and to the DHS investigations. Maria's

19

allegations of alleged abuse by Christopher and the resulting DHS investigations are critical components of Maria's fight for custody of the Children. Vogt has immunity for statements that she made in Court and to DHS.

**7.     ABSTENTION TO AVOID INTERFERENCE**

This Court is empowered to decline jurisdiction here because consideration of Plaintiffs' complaints is best left to the state court and agencies where these same issues have been and are continuing to be addressed.

**A.     *Younger Doctrine***

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *See Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) (quoting *Younger v. Harris*, 401 U.S. 37 (1971)). This conclusion is predicated on notions of comity and federalism which require federal courts to respect state functions and the independent operation of state legal systems. *Younger*, 401 U.S. at 44-45.

The *Younger* Doctrine requires a federal court to abstain from exercising jurisdiction where three (3) conditions have been met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor*, 126 F.3d at 1297. "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Assn.*, 319 F.3d 1211, 1215 (10th Cir. 2003). The *Younger* Doctrine applies not only to requests for equitable relief, but also to claims for

monetary relief "when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). "*Younger* abstention is jurisdictional." *Id.* at 1228.

The three elements required for abstention under the *Younger* Doctrine are satisfied here. First, the Divorce/Custody Action is still ongoing. Second, the Court in the Divorce/Custody Action provides an adequate forum to hear Plaintiffs' allegations of abuse and related complaints about Vogt and Welsh. Third, the State of Oklahoma has a substantial interest in ensuring that the Children are not abused and that its laws are enforced.

### B.    *Rooker-Feldman Doctrine*

"As courts of limited jurisdiction, federal courts are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc'y. v. Kane Cnty.*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011). This examination includes determining whether a decision by the federal court will interfere with a state-court judgment. *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017). "Under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments. This preclusion applies to claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." *Id.* (internal citations and quotations omitted).

Maria alleges that Christopher abused the Children and should not have custody of the Children. Since 2018 the Tulsa County District Court has been considering this allegation in the context of the highly contentious Divorce/Custody Action between Maria and Christopher. The Court in the Divorce/Custody Action, who is in the best position to evaluate these allegations of abuse, has entered several Orders that are not consistent with Plaintiffs' allegations herein. In filing this federal lawsuit, Maria is essentially seeking a review of those Orders of the Court in

the Divorce/Custody Action. The *Rooker-Feldman* Doctrine prevents this Court from acting as an appellate court over the appropriateness of the underlying state court orders. Thus, this Court should not exercise jurisdiction over Plaintiffs' claims here.

### IV.   CONCLUSION

All of Plaintiffs' claims against Vogt must be dismissed. Maria has no individual claims against Vogt because Maria alleges no relationship between herself and Vogt, and Maria alleges no injury that is compensable under Oklahoma law. As to all Plaintiffs there is no private right of action for Plaintiffs to enforce Oklahoma's child abuse reporting statutes. Plaintiffs' First Amended Complaint alleges only labels and conclusions and no facts showing the existence of a contract obligating Vogt to "represent the best interest of the minor children."  Plaintiffs' 14th Amendment claims fail as Plaintiffs have not sufficiently alleged that Vogt was acting under color of state law or that Vogt's alleged conduct shocks the conscious. Vogt bears no liability for any harm inflicted by others. Even if Plaintiffs could state a claim for violation for their constitutional rights, Vogt is entitled to qualified immunity. Plaintiffs' 8th Amendment claims have no application here as there are no allegations that an incarcerated person is involved. Plaintiffs' "claims" for punitive damages fail as this is an element of recovery, not a separate claim. Vogt is entitled to the same immunity afforded the Guardian Ad Litem, is entitled to judicial immunity, and is protected from suit by the litigation privilege. Further, this Court should abstain from hearing Plaintiffs' claims so as to avoid interfering with and second-guessing decisions made by the Court in the pending Divorce/Custody Action. Vogt respectfully requests that the Court dismiss all of Plaintiffs' claims against her.

Respectfully Submitted,

s/ Paige N. Shelton
Robert D. James, OBA #16667
Paige N. Shelton, OBA #20330
CONNER & WINTERS, LLP
4100 First Place Tower
15 E. 5th St.
Tulsa, OK 74103
918-586-8558
*Rob.James@cwlaw.com*
*PShelton@cwlaw.com*

Attorneys for Defendant Jaime Vogt

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 5, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

       Donald E. Smolen, II
       Laura Hamilton
       Dustin Vanderhoof

       *Attorneys for Plaintiffs*


       Todd G. Tucker
       Bradley W. Welsh

*Attorneys Defendants for Welsh & McGough, PLLC and Catherine Welsh*


                                 <u>s/ Paige N. Shelton</u>
                                   Paige N. Shelton