# Standard Operating Manual for Oklahoma Guardians A*d Litem* Under Title 43

## Prepared by the Family Law Section Oklahoma Bar Association

## October 2019

# TABLE OF CONTENTS
# GAL MANUAL

**INTRODUCTION**                                            3

**I. ROLE OF THE GAL**                                      4

**II. DEFINITIONS**                                         4

**III. CORE OBLIGATIONS**                                   5

**IV. INITIAL CASE DEVELOPMENT**                            8

**V. REPORT WRITING**                                       17

**VI. COURT HEARINGS**                                      18

**CERTIFICATION BY GAL**                                    23

# INTRODUCTION

Pursuant to 43 O.S. § 107.3(A)(4)[1] the Oklahoma Bar Association ("OBA") was tasked with developing a Standard Operating Manual for guardians *ad Litem* ("GAL"). The OBA delegated the task to the Family Law Section. Members of the Section drafted this Manual including best practices comments. The Committee opted to focus on "best practices" rather than a set of rules to enable each GAL to look at the issues in each case, then determine what role the GAL has in the case.

The purpose of these best practices is to:

1.    Promote uniformity and consistency in GAL investigations; and,
2.    Promote respect for the rights of parties and the best interests of their children, including their safety.

In looking at GAL appointments, the Committee focused on the following statutes:

43 O.S. § 107.3 - Dissolution of Marriage
43 O.S. § 120.7 Appointment of Court Expert, Disclosures & DV Training
10A O.S. §1-2-101 Mandatory Reporting

---

[1] The Oklahoma Bar Association shall develop a standard operating manual for guardians ad *Litem* which shall include, but not be limited to, legal obligations and responsibilities, information concerning child abuse, child development, domestic abuse, sexual abuse, and parent and child behavioral health and management including best practices. After publication of the manual, all GALs shall certify to the court in which he or she is appointed as GAL that the manual has been read and all provisions contained therein are understood. The GAL shall also certify that he or she agrees to follow the best practices described within the standard operating manual. The Administrative Office of the Courts shall provide public access to the standard operating manual by providing a link to the manual on the Oklahoma State Courts Network (OSCN) website.

# I. ROLE OF THE GAL

**Oklahoma law statutorily defines the role of a GAL in 43 O.S. §107.3(A)(2) and states as follows**:

The GAL may be appointed to objectively advocate on behalf of the child and act as an officer of the court to investigate all matters concerning the best interests of the child. In addition to other duties required by the court and as specified by the court, the GAL shall have the following responsibilities:

   a. review documents, reports, records and other information relevant to the case, meet with and observe the child in appropriate settings, and interview parents, caregivers and health care providers and any other person with knowledge relevant to the case including, but not limited to, teachers, counselors and childcare providers,

   b. advocate for the best interests of the child by participating in the case, attending any hearings in the matter and advocating for appropriate services for the child when necessary,

   c. monitors the best interests of the child throughout any judicial proceeding,

   d. present written factual reports to the parties and court prior to trial or at any other time as specified by the court on the best interests of the child, which determination is solely the decision of the court, and

   e. the GAL shall, as much as possible, maintain confidentiality of information related to the case and is not subject to discovery pursuant to the Oklahoma Discovery Code.

# II. DEFINITIONS

1. **Guardian *ad Litem*:** A GAL is a person appointed by the court to protect the best interests of a child pursuant to the provisions of Title 43. While 43 O.S. §107.3 doesn't provide a definition per se, the statute states that a GAL is expected to "objectively advocate on behalf of the child and act as an officer of the court to investigate all matters concerning the best interests of the child." 43 O.S. § 107.3(A)(2).

2. **Officer of the Court:** A GAL is an officer of the court and is charged with the duty of protecting the rights of the infant for the State in its role of *parens patriae*. *Hoffman v. Morgan*, 206 Okla. 567, 245 P.2d 67, 69, 30 A.L.R.2d 1141 (1952). The GAL, and the trial court, have the express duty to provide for the best interests of the child. *Kahre v. Kahre*, 1995 OK 133, 916 P.2d 1355.

3. ***Parens Patriae*:** The inherent power and authority of the state to protect the person and property of persons *non sui juris*, such as minors. *In the matter of Baby Girl L.*, 2002 OK 9, 51 P.3d 544; *McIntosh v. Dill*,1922 OK 35, 205 P. 917, 925, *cert. denied*, 260 U.S. 721, 43 S.Ct. 12, 67 L.Ed. 480 (1922).

4. **Best Practices:** Best Practices is an idea that asserts there is a technique, method, process and/or activity that is more effective at delivering a particular outcome than any other technique, method, process, etc. Best practices can also be defined as the most efficient and effective way of accomplishing a task or appointment, but it is not the only way to do it.

# III. CORE OBLIGATIONS

1. **The GAL should exercise independent judgment.**

   **Best Practices Comments:**

   A GAL acts as a judicial arm of the Court. Accordingly, a GAL should be guided by the best interests of the child and should exercise the GAL's independent judgment on behalf of the child in all relevant matters. These standards represent a compilation of "best practices" for GALs. A GAL is not required to engage in all of the activities listed in every case, but is expected to tailor the GAL's activities to the individual circumstances of each child and each case, being guided by facts, circumstances and instances by the GAL's evaluation of the best interest of the child.

2. **The GAL should faithfully perform his or her duties.**

   **Best Practices Comments:**

   The GAL must maintain independent representation of the best interest of the child and perform the GAL's duties faithfully. Upon failure of the GAL to do so, the appointing Court may discharge the GAL and appoint a successor.

3. **The GAL should engage in non-discriminatory practices**.

   **Best Practices Comments:**

   The GAL should not engage in conduct manifesting bias or prejudice based on race, gender, religion, ethnicity, disability, age, socioeconomic status, marital status or sexual orientation against a party, witness, counsel, or other persons involved in the case.

4. **The GAL does not represent parties and should not give any party legal advice**.

   **Best Practices Comments:**

   The GAL should refrain from giving legal advice to parties, including, but not limited to, advice about how to obtain or modify court orders, or how to draft legal documents.

   The GAL should refer parties to their attorneys for legal advice. If a party is pro se, the GAL should suggest that the party seek legal advice from an attorney.

   The GAL should refrain from giving a party legal advice such as that the party should drop a restraining order so that the parties may meet with the GAL or engage in mediation pertaining to the restraining order.

5. **Provide the court sufficient information for court action based on the findings of the interviews and independent investigation**.

   **Best Practices Comments:**

   The role of the GAL is to gather and report factual information[2] that will assist the court in making custody, visitation, or other decisions related to the best interests of a child.

   Unless the appointing judge specifies otherwise, the GAL investigator's role is limited to gathering and reporting information to the court.

---

[2] 43 O. S. §107.3(A)(2)(d).

The GAL's reports to the court should address the appropriate aspects of the litigation including: analysis of any allegations of abuse, neglect or risk, analysis of factors to be considered in a determination related to custody and visitation; services to be made available to the child and family; the activities completed by the GAL and the reasoning for recommendations; and any other orders the GAL deems to be in the child's interest.

The GAL's investigative reports may contain when necessary, information presented by other parties such as the Department of Human Services or therapists for the parties and/or child.

The Order appointing the GAL should specify whether a recommendation should be made by the GAL.

**6. The GAL must have domestic violence training.**

"In any case involving domestic violence, stalking or harassment as defined by paragraph 2 of subsection I of Section 109 of this title, the court expert shall have completed sixteen (16) hours of domestic violence training that includes, but is not limited to, information regarding the danger and lethality of domestic violence, the causes and dynamics of domestic violence, the impact of domestic violence upon victims and children, and the characteristics of a batterer as a parent." 43 O.S. §120.7(D)

7. **The GAL should adhere to applicable ethical and professional standards**.

**Best Practices Comments:**

Attorneys who serve as GALs are subject to the Rules of Professional Conduct promulgated by the Oklahoma State Bar as they would be in any other case. For example, an attorney would follow the conflict rules (1.7, 1.8, 1.9, and 1.12) to determine if there would be a possible conflict of interest if the attorney served as GAL.

The GAL should decline or withdraw from an appointment if a conflict of interest exists, or the GAL has information or personal relationships that will bias the process or outcome of the investigation.

Unlike the Rules for Professional Conduct as they apply to confidentiality, the attorney serving as a GAL does not have a true attorney-client relationship[3] and does not have the same client confidentiality requirements; however, a GAL should keep such information as confidential as possible.

A GAL appointed to represent siblings should be alert to potential conflicts and, when appropriate, request that the court appoint a separate GAL for each child. Further, an attorney must remain in good standing as a member of the bar and adhere to the Rules of Professional Conduct that apply to lawyers.

The GAL is an officer of the court and should be vigilant in maintaining appropriate boundaries.  GALs should not establish "friendship" relationships with either of the parents or other adults in the child's life.  The GAL should not be friends or follow the child(ren) or the adults or the adults' family on social media.  The adults or children should not attend social events at the GAL's home.

# IV. INITIAL CASE DEVELOPMENT

1. **Ensure that an order of appointment is obtained which clearly sets out rights, responsibilities and tasking.**

   **Best Practices Comments:**

   The GAL should ensure that the appropriate appointment and discharge documents are timely filed in the case. The appointment order should contain clarity on a number of issues, including, but not limited to, the GAL's authority to access the parties, witnesses, etc.; right to initiate discovery; when and how the GAL will report to the Court and parties of his or her investigation; in what

---

[3] "The legislature has created in §107.3 a blended role of GAL and attorney for the children. The GAL appointed pursuant to §107.3 does not have a true attorney client relationship with the minor children. The GALs obligation remains the same as that of the trial court: the child's best interests, even though the child's wishes may be otherwise." *Rowe v. Rowe*, 2009 OK 66, ¶ 4.

case(s) the GAL is appointed[4]; the scope of the task and what concerns exist; when the appointment terminates, etc.

**2. The GAL should develop an understanding of the litigation.**

Commencing upon appointment, the GAL should:

a.  Obtain copies of all relevant pleadings and notices;

b.  Participate in depositions, negotiations, and initiate discovery, if the Order appointing so provides, that are relevant to the child's best interests and participate in all case management, pretrial or other conferences and hearings, unless excused by the Court or agreement of the GAL and the parties.

c.  The GAL should prepare the appointment order unless agreed to by the parties or the Court directs otherwise. The GAL should be provided with copies of all pleadings and correspondence with the Court, as well as notification of hearings, case conferences, changes of placement, and other changes of circumstances affecting the child and the child's family.

d.  File statutory disclosures. Title 43, Section 120.7 of the Oklahoma Statutes requires all GALs to make the following disclosures to the parties unless waived by the parties or the Court in the Order appointing:

1. A disclosure of any prior relationships with any party, attorney or judge in the pending action;

2. A complete resume disclosing all personal and professional qualifications to serve as a court expert;

3. Any suspensions from practice, reprimands, or other formal punishments resulting from an adjudication of complaints filed against the person with the professional licensing board or other organization authorized to receive complaints regarding the performance of the individual in question; and

---

[4] It is easy for a GAL to "walk over into other cases" due to the same child(ren) being involved in the litigation, *e.g.*, VPO proceedings, guardianship matters, adoptions, juvenile, domestic, criminal, etc. In each proceeding, it is best to obtain a separate appointment order.

4. Any criminal convictions within the past ten (10) years and inclusion on any sexual offender list.

**Best Practice Comments:**

Some practitioners are of the opinion that these disclosures can be waived by the parties or by the Court in the Order Appointing the GAL.

## 3. Entry of Appearance

As a party, the GAL may file an entry of appearance. In the entry of appearance, the GAL may request an Attorney's Lien and provide the GAL certification as shown on page 22.

## 4. The GAL should meet face-to-face and interview the child.

**Best Practices Comments:**

a. An important duty of the GAL is to meet with the child. Unless otherwise directed by the Court, this private interview should be conducted face-to-face at a time and place that allow the GAL to privately observe the child and ascertain things like:

   i.   the child's wishes;
   ii.  safety and adequacy of the child's current placement;
   iii. needs for any testing/evaluation or third-party services;
   iv.  interim judicial relief.

b. Such interviews are best conducted on a date prior to the first court appearance and at a location other than the courthouse. It is important to meet with the child in a private setting, such as the GAL's office, the child's home, school or placement, away from the litigants so that the child can talk openly.

c. There should be sufficient time between the interview and court appearances for the GAL to analyze fully the information gleaned, take appropriate actions and formulate meaningful arguments and recommendations.

d.  The content and direction of the interview should take into account the child's age, maturity and potential stress created by the circumstances of the case and prior interviews, especially in cases involving allegations of sexual or other abuse. In such cases, the GAL should rely upon recordings of forensic interviews, information obtained from the forensic interview, or attend interviews of the child. Once an allegation of sexual or other abuse is presented to the GAL, the GAL should allow trained experts, *e.g.*, clinically trained forensic interviewer, DHS or the police, to complete their independent investigation before proceeding; otherwise, the GAL will potentially contaminate the investigation.

e.  As appropriate, children should be encouraged to articulate their concerns and views. In custody and visitation cases, care should be taken so that the child never feels compelled to state a preference or choose between parents or placements.[5]

f.  Young children present a challenge, but the age and verbal ability of the child do not abrogate the responsibility to meet face-to-face with the child. In meetings with young children, children with limited language abilities, or children with disabilities, the GAL will rely more heavily on observation. Conducting such meetings at the child's home or placement allows the GAL to observe the surroundings and the child's interactions with others, as well as to interview the child's caregiver.

g.  If appropriate, the GAL should elicit the child's preference in a developmentally appropriate manner, advise the child, and provide guidance. The GAL should assure the child that the child's opinions and feelings will be made known to the Court, even when not consistent with the recommendations of the GAL. If the child expresses wishes that are contrary to the GAL's assessment of the child's best interests and welfare, the GAL is obligated to inform the court of the child's wishes. If the child is uncooperative or appears to have been unduly influenced or coached by a parent or custodian, the GAL should inform the Court of those circumstances.

---

[5] It may become important for the GAL to clarify the child preference myths that exist regarding 43 O.S. §113. Just because a child turns twelve (12) years of age does not give him or her an absolute call on where he/she lives. The GAL should stress to the child that if the Court decides to interview the child, the child should be honest and that a preference is simply one factor the Court considers among many others.

h. The GAL should make every effort to ensure the child understands, by using language appropriate to the child's age and verbal abilities, the nature of the proceedings, the consequences which may result, the possibility of future modifications, the attorney's responsibilities as a GAL, and how to contact the GAL. If the child has significant emotional problems, the GAL should consult with a mental health specialist or the child's therapist in order to determine the best manner to present this information.

i. The GAL should inform the child there may be circumstances when confidentiality will apply to communication between the child and GAL, and circumstances when it may not. The GAL may use information received from the child to further the child's best interest. For example, the GAL may learn from the child that a custodian is taking illegal drugs and may use that information to request the court order drug testing of the custodian. However, the GAL should never guarantee anything a child says is confidential.

**5. The GAL should conduct an independent investigation in order to ascertain the facts of the case.**

**Best Practices Comments:**

To support the child's best interests, the GAL should conduct prompt, thorough, continuing and independent investigations, unless otherwise directed by the appointing court, to include but not be limited to:

a. Reviewing relevant records, which may include court, social service, medical, mental health (psychiatric, psychological, drug and alcohol), the child's school records, law enforcement, DHS referrals, and other records relevant to the case (*e.g.*, relevant photographs, video or audio tapes and other evidence), including, when necessary, obtaining court orders to facilitate this review;

b. Inquiring about prior court involvement(s) in assigned case [OSCN check] and other actions (*e.g.*, juvenile court actions and other legal proceedings in tribal court[6] and other jurisdictions);

---

[6] The Oklahoma GAL practitioner (GAL) should be aware of Indian Child Welfare Act (ICWA) applications to Tribal child-members and non-member descendants of American Indians.  See, *e.g.*, Tribal Relations, Division of Family and Children's Services Division, Oklahoma Department of Human Services, www.okdhs.org; Oklahoma Indian Legal Services ICWA

c. Interviewing the parties to the dispute and any other persons with relevant knowledge of the child and the facts that gave rise to the case appointment. It is best to meet separately with the child and each party, unless inappropriate in a particular case. "Other persons" could include, for example, legal guardians, foster parents, caretakers of the child, clergy, neighbors, relatives, school personnel, coaches, the child's attorney (if separately appointed), physicians, law enforcement officers, mental health providers and other potential witnesses. When the child is young, there is a greater need to seek independent sources of information and obtain verification of important facts;

d. Communicating his or her role and responsibilities to the parents and/or other parties' attorneys, especially the GAL's legal status in the proceeding[7] and responsibility to participate fully to protect the child's interests and to express (if appropriate) the child's wishes;

e. Based on 43 O. S. §107.3, scheduling sufficient time between the interview(s) and court appearance for the GAL to analyze fully the information gleaned, take appropriate actions such as issuing subpoenas, filing motions for temporary or protective relief or for appointment of an independent expert to evaluate the child, and formulate a meaningful strategy. Therefore, any such interviews are best conducted on a date prior to the court appearance and at a location other than the courthouse;

f. Visiting the child's home and any proposed alternative placement, if the home environment is at issue;

g. Identifying issues of concern that relate to the child's best interest, whether raised by the parties or arising out of the GAL's investigation, by use of recommended diagnostic tools and community resources provided by experts in other fields to independently evaluate the issues (*e.g.*, allegations of child abuse or neglect or of risk to the child's safety or

---

podcasts, www.oilsonline.org; Native American Rights Fund, "A Practical Guide to the ICWA," www.narf.org; The Sovereignty Symposium XXI-2008, "Indian Children and Families," Moderator, James E. Edmondson, Justice, Oklahoma Supreme Court, www.oscn.net/sovereignty.

[7] 43 O. S. § 120.7 "A. As used in this section, "court expert" means a parenting coordinator, GAL, custody evaluator or any other person appointed by the court in a custody or visitation proceeding involving children."

welfare, including, but not limited to, physical or mental abuse, sexual abuse, lack of supervision, educational neglect, and exposure of the child to domestic violence or substance abuse), regardless of whether such abuse or neglect or risk is identified in the parties' pleadings;

h. Inspiring confidence in the GAL process (while maintaining confidentiality during the statutorily mandated investigation) throughout the process by including the parties in the investigation, utilizing effective communication techniques, avoiding *ex parte* communications with the Court [8], maintaining a sense of balance and fairness, and being sensitive to the culture and socio-economic status of the parties;

i. Advocating for timely court reviews and judicial intervention, if necessary;[9]

j. Affirmatively taking the necessary actions to accomplish a complete investigation.

k. The GAL should use a process for communication and collection of information that is conducive to disclosure of information and fair to the parties.

The GAL should provide each party with a separate interview so that each party may speak with candor.

The GAL should encourage parties and their attorneys to provide additional relevant information and documents.

The process for communications must be even-handed and provide each party with the opportunity to present relevant information and respond to relevant allegations by the opposing party.

---

[8] The GAL should refrain from *ex parte* communications with the Court regarding **substantive** matters (*i.e.*, should not report on investigated facts or provide information that otherwise goes to the decision-making process). **Procedural** *ex parte* communications (*i.e.*, taskings, how to report, etc.) should be minimized in order to maintain an appearance of objectivity and to safeguard due process rights of the parties and child.

[9] It is also important that the GAL avoid creating, and should attempt to reduce, delays in the proceedings and should advocate for timely permanence for the child(ren).

The GAL should also afford *Pro se* parties the same procedural protections that the GAL affords a party with an attorney unless the Court directs otherwise.

**6. The GAL should participate, as appropriate, in alternative dispute resolution, mediation and negotiations.**

**Best Practices Comments:**

The GAL's role in alternative dispute resolution is to represent and advocate for the best interests of the child. As a general rule, the GAL should encourage settlement. In exceptional cases where the GAL reasonably believes that a proposed settlement would be contrary to the welfare of the child, the GAL should first discuss these concerns with the parties and their counsel. If these concerns are not addressed, the GAL should bring the facts that lead to the concerns about the settlement to the court's attention by filing necessary pleadings (*e.g.*, motion to vacate the agreement, etc.) Any proposed settlement which is contrary to the best interest of the child should be opposed despite the agreement of the other parties.

**7. The GAL should present such reports, motions, responses or objections as necessary to represent the best interests of the child.**

**Best Practices Comments:**

Oklahoma law requires the GAL to present written reports to the parties and Court prior to trial or any other time as specified by the Court. GAL reports should be provided in a timely manner according to the directions or orders of the appointing Court.

Besides providing written reports, the GAL may also need to request relief from the Court which includes, but is not limited to:

a. A mental or physical examination of a party or the child;

b. A parenting, custody or visitation evaluation;

c. An increase, decrease or termination of contact, or the imposition of conditions on contact;

d. Restraining or enjoining a change of placement;

e.  Contempt for noncompliance with a court order; and

f.  Request for services for the child or family; etc.

**8.  The GAL is a mandatory reporter of suspected child abuse or neglect.**

**Best Practices Comments:**

a.  Every person having reason to believe that a child under the age of eighteen (18) years is a victim of abuse or neglect shall report the matter promptly to the Department of Human Services. Reports shall be made to the hotline, 1-800-522-3511. 10A O.S. § 1-2-101 B.1.

b.  Any person who knowingly and willfully fails to promptly report suspected child abuse or neglect or who interferes with the prompt reporting of suspected child abuse or neglect may be reported to local law enforcement for criminal investigation and, upon conviction thereof, shall be guilty of a misdemeanor. Any person with prolonged knowledge of ongoing child abuse or neglect who knowingly and willfully fails to promptly report such knowledge may be reported to local law enforcement for criminal investigation and, upon conviction thereof, shall be guilty of a felony. For the purposes of this paragraph, "prolonged knowledge" shall mean knowledge of at least six (6) months of child abuse or neglect. 10A O.S. §1-2-101 C.

c.  Any person who knowingly and willfully makes a false report pursuant to the provisions of this section or a report that the person knows lacks factual foundation may be reported to local law enforcement for criminal investigation and, upon conviction thereof, shall be guilty of a misdemeanor. 10A O.S. §1-2-101 D.1.

d.  If the GAL has reasonable cause to believe a child is in imminent danger, the GAL should report this information to the DHS hotline and should also report the information to the Court through an emergency motion for instructions with the required notice to counsel and *Pro se* parties.

e.  Keep in mind, however, that if a court determines that an accusation of child abuse or neglect made during a child custody proceeding is false and the person making the accusation knew it to be false at the time the accusation was made, the court may impose a fine, not to exceed Five Thousand Dollars ($5,000.00) and reasonable attorney fees incurred in

recovering the sanctions, against the person making the accusation. 10A O.S. §1-2-101 D.2.

9. **The GAL should use a process for communication and collection of information that is conducive to disclosure of information and fair to the parties.**

   **Best Practices Comments:**

   a. The GAL should provide each party with a separate interview so that each party may speak with candor.

   b. The GAL should encourage parties and their attorneys to provide additional relevant information and documents.

   c. The process for communications must be even-handed and provide each party with the opportunity to present relevant information and respond to relevant allegations by the opposing party.

   d. The GAL should also afford a *Pro se* party the same opportunities.

# V. REPORT WRITING

**The GAL should submit timely reports prior to trial or at any other time as specified by the Court.**

**Best Practices Comments:**

a. GAL Reports should be provided to the Attorneys or *Pro se* litigants in time for them to prepare for trial. As a general rule, the final Report should be provided at least 10 days prior to the Pretrial Conference. If there is no Pretrial Conference, 10 days prior to trial. The goal is to avoid surprise at trial and for each party to be fully prepared at trial; otherwise, the GAL may cause a request for a continuance.

b. *Pro se* litigants are essentially their own attorney, he/she is also entitled to a copy. If the GAL has good reasons for feeling that either an attorney or *Pro se* litigant will improperly circulate a copy of the Report, the GAL can seek guidance from the Court. Parties must be treated fairly and equally.

c. Although matters involving minor children should be handled as confidentially as possible, there is no statute or case law that limits the dissemination of a GAL Report. In a given case, the court can enter a protective order limiting dissemination.

d. When writing a Report, the GAL should anticipate the contents being shared with the parties' children. If the GAL testifies to information provided by a child, the GAL should assume that testimony will get back to the children.

e. Some GALS write interim reports such as after initial interviews with the parties and children, after protective order hearings, and after significant changes in the parties' relationship with their children have occurred. A final Report can then show the changes that have occurred during the case.

f. At trial, some courts have the Report(s) admitted into evidence like any other document. Other courts admit the Report(s) "under seal". Before writing Reports, the GAL should find out how that Judge handles GAL Reports.

g. The GAL report may include the following:
   • Introduction of the parties.
   • Procedural History.
   • The Activities of the GAL.
   • Observations and Comments of the GAL.
   • Recommendations of the GAL, if ordered by the Court.
   • Reasons for the Recommendations of the GAL.
   • Dated, signed and certificate of delivery by the GAL.

# VI. COURT HEARINGS

**1. The GAL should participate in the litigation.**

**Best Practices Comments:**

a. Oklahoma law requires the GAL to advocate for the child's best interests by participating in the case, attending any hearings in the matter and advocating for appropriate services for the child when necessary. The

GAL's participation should be according to the directions or orders of the appointing court.[10]

b. As a best interest advocate for the child, the GAL's trial position may be independent of the child's wishes. Any recommendation should be based upon objective criteria concerning the child's needs and interests, and not merely on the GAL's personal values, philosophies and experiences. A best interests case should be based on the governing statutes and case law, or on a good faith argument for its modification.

c. The GAL should consider the child's individual needs. The child's various needs and interests may be in conflict, and therefore should be weighed against one another. The child's developmental level, including his or her sense of time, is important to a GAL's assessment of needs. The GAL may seek the advice and consultation of experts and other knowledgeable people in determining and weighing such needs and interests, being sensitive to the culture and socio-economic status of the parties. Unless otherwise directed by the Court, the GAL makes the determination to present such resource persons as witnesses, if necessary.

d. Lastly, the GAL should advocate for timely court reviews and judicial intervention, if necessary. The GAL should otherwise seek to ensure that hearings are properly conducted (*i.e.*, that "short-cuts" in proceedings are not taken).

## 2. The GAL may be called as a Witness.

**Best Practices Comments:**

In a custody proceeding, the parties have the right to cross-examine the GAL concerning the contents of the report and the investigation once the GAL's report is proffered to the trial court.[11]

---

[10] This participation can involve testifying regarding the GAL's Report. *Kelley v. Kelley*, ¶¶ 2, 13 and 14, 2007 OK 100, 175 P.3d 400 (state due process necessitates that parties in a custody proceeding have the right to cross-examine the GAL concerning the basis of any custody recommendation).

[11] *Kelley v. Kelley*, 2007 OK 100, ¶¶ 7, 12.

**3.  The GAL may participate in the appeal.**

**Best Practices Comments:**

While it is unclear under current Oklahoma case law and statutes regarding the interaction of a GAL and the appellate process, a good faith argument can be made that a GAL should act as a "party" to the litigation on the child's behalf. Stated another way, while the child does not actually become a party, the child in fact enjoys party status because the child can fully participate in the custody aspect of litigation through a GAL. The order appointing the GAL should so provide. Consistent with the "standard" GAL appointment order, the GAL possesses the powers of a *Pro se* party, including the power to file pleadings, call witnesses, present opening and closing arguments, etc. However, enjoying "party status" at the trial court level, does not get one standing to commence an appeal.  In *Rowe v. Rowe*, 2009 OK 66, 218 P.3d 887, the Oklahoma Supreme Court ruled that a GAL does not have standing <u>to prosecute an appeal</u> of the trial court's decision.  In coming to that holding, it noted:

> ¶6 The appointment of a GAL pursuant to 43 O.S. § 107.3 is purely discretionary with the court. The trial court may, on its own motion or that of the parties, appoint the GAL to assist the court in the best interests determination. The GAL shall serve as needed by the court and may be discharged when the services are no longer required. It is the responsibility of the trial judge to determine the best interests of the child and to award custody of the minor child. 43 O.S. Supp. 2008 § 112. The trial judge can make that decision with or without the assistance of a GAL. The GAL in such cases cannot be said to be a necessary or an indispensable party to the proceedings.

> ¶7 Neither is the minor child a party. Children are not parties to their parents' divorce and the children do not have the right to select their own attorney to represent their interests in proceedings involving their parents' divorce. *Wallis v. Wallis,* 2003 OK CIV APP 77, 78 P.3d 562, 564. Children lack party status to appeal the court's custody order in a divorce proceeding. *Ihinger v. Ihinger, 824 A.2d 601, 603 (Vt. 2003).* Although minor children are affected by the decisions courts must make concerning parental rights and responsibilities in the course of divorce proceedings, divorce is a creature of statute and courts may adjudicate matters in a divorce only in accordance with the statute. *Id.*

¶8 The general rule with regard to standing to appeal is that one must be aggrieved by a court's decision in order to bring an appeal from it. *In re Guardianship of Walkup*, 1990 OK CIV APP 80, 799 P2d 145, 146. In *Sarkeys v. Indep. Sch. Dist. No. 40, Cleveland County,* 1979 OK 42, 592 P.2d 529, 535-536 we said:

> The common law limited the right to. . . . appeal, to those who were parties or privies to the action in which the judgment or decree complained of was rendered, and this rule has been incorporated in most of the statutes regulating the subject; these statutes giving the right of review to any 'party' aggrieved. Under such limitation third persons, no matter how much they may be prejudiced by the judgment, decree or order, cannot obtain its review by appeal or writ of error. The record on appeal should accordingly show that the appellant or plaintiff in error was a party or privy. (Citations omitted).

¶9 A party invoking this Court's jurisdiction has the burden of establishing his or her standing.... Only one whose substantial rights are injuriously affected may appeal from a decision, however erroneous. *Id at 911*. The appropriate inquiry on a standing question is whether the plaintiff has in fact suffered injury to a legally protected interest as contemplated by statutory or constitutional provisions. Independent School Dist. No. 9 v. Glass, 1982 OK 2, 639 P.2d 1233, 1237. We have held that an administrator of an estate, in his representative capacity, was not a party aggrieved or a party interested in a decree that determined the heirs at law of the estate for which he was administrator and hence he could not maintain in his representative capacity an appeal from such decree. In re Lee's Estate, 1952 OK 137, 243 P.2d 1013. Likewise, in *Walkup, supra,* guardians did not have standing to appeal trial court's refusal to terminate ward's joint tenancy accounts because they had no personal stake in the litigation.

¶10 One cannot appeal from a decision, however erroneous, which does not affect one's substantial rights. *In the Matter of the Adoption of Baby G.,* 2008 OK 92, 195 P.3d 377, 379. In the case at bar the GAL is neither a party to the divorce proceeding nor is she "aggrieved" by the trial court's ruling. The GAL has no personal stake in the outcome of the litigation and she is not aggrieved by the trial court's failure to follow her recommendation regarding custody.

a. So, if the GAL believes that an appeal of the court's decision is necessary, the GAL should take all necessary steps to see if one of the parties will perfect the appeal and seek to continue participation in the trial court and appellate process by advocating for the child, which may include seeking appropriate temporary orders or extraordinary writs necessary to protect the interests of the child during the pendency of the appeal.

b. The GAL should participate in any appeal filed by another party concerning issues relevant to the child and within the scope of the appointment, unless discharged.  Once discharged, it appears the GAL cannot *sua sponte* seek his/her own re-appointment, for lack of standing.

When the appeals court's decision is received, the GAL should explain it to the child or otherwise ensure that mandate is properly spread in the trial court.

## 4. Forms

An extensive number of forms relating to the appointment and participation in a case by a GAL can be found in the Family Law Section's Practice Manual ("PM"). Chapter 6.6 of the PM is dedicated to GALs. The PM is found at www.flspm.com. The initial cost is $250.00. Funds are used to underwrite the cost of the Trial Advocacy Institute and the ongoing cost to maintain and update the Practice Manual. There are over 40 chapters dealing with most family law subjects and approximately 350 forms.

**CERTIFICATION BY GAL**

Pursuant to § 43 O.S. 107.3 (A)(4), I certify that I have read the Standard Operating Manual for GALs dated October 2019 and understand those provisions. I agree to follow the Best Practices in any case in which I am appointed by the Court.

Dated: _____20__.

_____

Name:
OBA #:
Phone #:
Address:

This Manual was created by the following committee of GALs from the Family Law Section:

Co-Chairs: Phil Tucker, Edmond, and Jon Ford, Enid

Sharon Byers, Edmond
Virginia Henson, Norman
Michelle K. Smith, Oklahoma City
Audrey Huffman, Norman
Chris Reser, Norman
Bridget Childers, Midwest City
Kelli Kelso, Oklahoma City
Anne Scott, Edmond
Linda Pizzini, Yukon

We benefitted from the amazing assistance of Anastasia Mahoney, Licensed Legal Intern for Keith Jones in Tulsa.