IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA DEL ROSARIO CHICO VIETTI, Individually and as Parent and Next Friend of A.R.V., P.F.V., and H.S.V, minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>WELSH & MCGOUGH, PLLC, an Oklahoma Professional Limited Liability Corporation; CATHERINE WELSH, an Individual, and JAIME VOGT, LPC, an Individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 21-CV-58-JFH-SH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT JAIME VOGT'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

In support of her Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt 21], Defendant Jaime Vogt, LPC ("Vogt") offers this Reply Brief. This Court must reject Plaintiffs' attempt to hold Vogt, a licensed professional counselor in private practice who provided individual counseling services to only 2 of the 4 Plaintiffs, liable under any of the theories floated by Plaintiffs based on Plaintiff Maria del Rosario Chico Vietti's ("Maria") heretofore unsubstantiated allegations that the Children's father abused the Children. Moreover, this Court should reject Plaintiffs' attempt to insinuate it into the 3-year, highly contentious custody battle between Plaintiff Maria and her soon-to-be ex-husband/the Children's father pending before Judge Tammy Bruce in the Tulsa County District Court.

1.  **MARIA'S INDIVIDUAL CLAIMS FAIL**

    Plaintiffs' Response Brief fails to offer any rebuttal to the fact that Plaintiffs' First Amended Complaint fails to allege what duties were owed to Maria by Vogt. It is a fact that

Vogt never provided any individual counseling services to Maria. The purported claims asserted by Maria against Vogt in Plaintiffs' First Amended Complaint should be dismissed.

**2.     STATE CLAIMS FAIL**

    **A.     No Civil Liability Exists in Oklahoma for Alleged Failure to Report Abuse**

Although Plaintiffs' Response says that Vogt is also being sued for "other failures and omissions",[1] the heart of Plaintiffs' First Amended Complaint is Vogt's alleged failure to "report father's [alleged] child abuse." An Oklahoma State Court has spoken on this issue: there is no provision for civil liability for failure to report child abuse. *Paulson v. Sternlof*, 15 P.3d 981, 984 (Okla. App. 2000). Plaintiffs' reliance on *T.A. v. Moore Public Schools* is misplaced. The *T.A.* case, as a federal case, is not a binding interpretation of Oklahoma state law. Further, and respectfully, it is the unpublished, memorandum opinion of one federal Judge who, under different facts, disagreed with the holding of the Oklahoma State Court of Civil Appeals. Since the *T.A.* decision was signed more than 12 years ago, this Counsel cannot find any court that has cited the *T.A.* case approvingly. Nor is the *T.A.* case persuasive because the facts are easily distinguished. In *T.A.*, the plaintiff sought to hold the school district and individual school officials liable after an elementary school custodian inappropriately touched children and raised his voice at children. 2008 WL 11417305 at *2 & *3. In addition to receiving verbal reports from multiple individuals, school officials observed the custodian hugging children. *Id.* The *T.A.* Court dismissed the individual defendants but permitted the plaintiff's claim against the school district to proceed. *Id.* at *3 & *4.

---

[1] Vogt's other purported failures and omissions rely upon Plaintiffs' pleading of alternative facts. It is contradictory for Plaintiffs to allege that Vogt was appointed by the Court to provide therapy (¶ 11) and that Vogt provided therapy without consent (¶ 22 & ¶ 23). It is contradictory to allege that Vogt was obligated to represent the Children's best interests (¶ 47) and that Vogt was wrong to have provided forensic services (¶ 29). It is contradictory to allege that Vogt owed a duty to "actively pursue the most prudent and swift remedies available" (¶ 52) and that Vogt was wrong to have provided opinions to DHS (¶¶ 33-34) and to Welsh (¶ 39). In pleading alternative facts, Plaintiffs have not sufficiently alleged other failures and omissions so as to escape dismissal.

2

Unlike the defendant in *T.A.*, here we are dealing with alleged abuse that Maria says was committed by the Children's father, not by an employee or person for whom Vogt has any responsibility. Unlike the defendant in *T.A.*, Vogt never saw the abuse alleged by Maria. Admittedly 2 of the Children have parroted Maria's abuse allegations, but unlike in *T.A.*, Vogt did not receive reports from multiple adults making the same allegations as Maria. To the best of Vogt's knowledge, Maria's allegations of abuse have been known by and investigated for years by DHS, the Tulsa County Police, and the Tulsa County District Court, but have never been substantiated. Unlike the defendant in *T.A.*, Vogt did not have reason to believe that the Children's father was abusing the Children and thus Vogt had no duty to make a report of abuse to DHS. Neither Oklahoma law nor the facts as alleged by Plaintiffs support Plaintiffs' negligence claims and they should be dismissed as a matter of law.

### B.     No Facts Alleged Showing a Contract

Plaintiffs' Response Brief concedes that there is no express or written contract between Plaintiffs and Vogt creating a duty for Vogt to "represent the best interest of the minor children" in the Divorce/Custody Action. Plaintiffs' Response Brief for the first time claims that Maria's act of paying Vogt for Vogt providing individual counseling services to a minor child formed an *implied* contract that imposed on Vogt a duty to "represent the best interest of the minor children" in the Divorce/Custody Action. By itself this is not a credible argument; nor does it appear in Plaintiffs' First Amended Complaint. "In deciding a Rule 12(b)(6) motion, a federal court may only consider facts alleged within the complaint." *County of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002). Plaintiffs' First Amended Complaint alleges the existence of a Financial Agreement Form (¶ 36) between Plaintiffs and Vogt. Given this express contact regarding payment, the implied duty alleged by Plaintiffs cannot exist. "[I]f an express contract between parties is established, a contract covering the identical subject

3

cannot be implied, because can implied agreement cannot coexist with the express contract." *Jones v. Univ. of Cent. Okla.*, 910 P.2d 987, 990 (Okla. 1995) (footnote omitted). Plaintiffs have not alleged sufficient facts to demonstrate that Vogt entered into a contract with Plaintiffs that imposed a duty on Vogt to represent the best interest of the minor children in the Divorce/Custody Action and thus all of Plaintiffs' contract claims must be dismissed.

3. **FEDERAL CLAIMS FAIL – 14TH AMENDMENT**

    A. **Vogt Is Not a State Actor**

    The alleged factual statements in Plaintiffs' First Amended Complaint do not show or even suggest that Vogt was a state actor. Only the allegations in Plaintiffs' First Amended Complaint are at issue and based on those allegations Plaintiffs' 14th Amendment Claims against Vogt must be dismissed for lack of state action.

    i. *Symbiotic Relationship Test*

    Contrary to Plaintiffs' Response Brief, the allegations in Plaintiffs' First Amended Complaint fail to show facts sufficient to support a finding that Vogt was acting under state authority using the symbiotic relationship test. The symbiotic relationship test asks whether the state has "so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity." *Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1451 (10th Cir. 1995) (internal quotations and citation omitted). This analysis "starts by asking whether and to what extent the state's relationship with the private actor goes beyond the mere private purchase of contract services." *Wittner v. Banner Health,* 720 F.3d 770, 778 (10th Cir. 2013) (internal quotations and citation omitted).

    > The Court has held that extensive state regulation, the receipt of substantial state funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state action. *See, e.g., San Francisco Arts & Athletics,* 483 U.S. at 547 n. 29, 107 S.Ct. at 2987 n.

4

29 (no symbiotic relationship between the federal government and the United States Olympic Committee even though the government gave the Committee the exclusive right to use the word "Olympic"); *Blum,* 457 U.S. at 1011-12, 1027, 102 S.Ct. at 2789-90, 2797-98 (state licensing of nursing homes, subsidization of capital and operating costs, and payment of medical expenses of ninety percent of patients do not establish symbiotic relationship); *Rendell-Baker,* 457 U.S. at 842, 846, 102 S.Ct. at 2771-72, 2774 (private school receiving ninety percent of its operating budget from public funds not in symbiotic relationship with the state); *Jackson,* 419 U.S. at 358, 95 S.Ct. at 457 (no symbiotic relationship between utility company and state even though company was heavily regulated and enjoyed a partial monopoly and the state approved a tariff setting forth challenged method of terminating service).

There is no express allegation in Plaintiffs' First Amended Complaint that Vogt, in providing individual counseling services to 2 of the 4 Plaintiffs, was in a symbiotic relationship with the Court in the Divorce/Custody Action. Rather, Plaintiffs' allegation is that the Tulsa County District Court appointed Vogt to act as a licensed therapist for one of the minor Children "and to protect his best interest" (¶ 11). There is no allegation in Plaintiffs' First Amended Complaint that Vogt was called upon by the Court to determine custody of the Children. Vogt has never been a party to the Divorce/Custody Action and her only involvement with the Court in the Divorce/Custody Action was when Vogt provided witness testimony. There is no allegation that Vogt received any payment from the Court. Rather, Plaintiffs' First Amended Complaint alleges that Plaintiff (Maria) compensated Vogt for her services (¶ 11). Here, the Court in the Divorce/Custody Action allegedly appointed Vogt to act as a licensed therapist for the Children and such appointment does not go beyond the mere private purchase of contract services. There is no symbiotic relationship between the state and Vogt.

    ii.    *Public Function Test*

Contrary to Plaintiffs' Response Brief, the allegations in Plaintiffs' First Amended Complaint fail to show facts sufficient to support a finding that Vogt was acting under state

authority using the public function test. "This test is difficult to satisfy. While many functions have been traditionally performed by governments, very few have been exclusively reserved to the State." *Gallagher,* 49 F.3d at 1456 (internal quotations and citation omitted). Proper application of the public function test requires looking at whether the services provided by Vogt--individual counseling sessions--are traditional and exclusive functions of the state. Traditional and exclusive functions of the state include such functions as administering public elections, operating towns, or managing city parks. *See id*. Plaintiffs' Response cites no authority supporting a finding that providing individual counseling sessions is a traditional and exclusive function of the state. Indeed, individual counseling is neither traditionally, nor exclusively a state function.

There is no express allegation in Plaintiffs' First Amended Complaint that Vogt, in providing individual counseling services to 2 of the 4 Plaintiffs, was performing a traditional and exclusive function of the state. Rather, Plaintiffs' allegation is that the Tulsa County District Court appointed Vogt to act as a licensed therapist for one of the minor Children "and to protect his best interest" (¶ 11). There is no allegation in Plaintiffs' First Amended Complaint that Vogt was called upon by the Court to determine custody of the Children. Providing counseling/therapy services is certainly not the same as determining custody of minor children. The allegations in Plaintiffs' First Amended Complaint regarding the Tulsa County District Court's July 12, 2018 Order Appointing Guardian Ad Litem apply only to Defendant Welsh as Vogt was not appointed as Guardian Ad Litem and Vogt is not identified in that Order. In providing individual counseling services, Vogt was not performing a traditional and exclusive function of the state.

  **B.**  **Vogt's Alleged Actions Do Not "Shock the Conscious"**

Plaintiffs' reliance on *T.D. v. Patton*, 868 F.3d 1209 (10th Cir. 2017), is misplaced as *T.D.* is factually distinguishable. In *T.D.*, defendant Patton was a social worker for the Denver

6

Department of Human Services ("DDHS"). *Id.* at 1211. Patton was one of the persons responsible for removing T.D. from his mother's home and placing T.D. into DDHS custody. Patton recommended to the court that T.D. be placed in the custody of his father despite Patton's admitted concerns for T.D's safety and without Patton sharing those concerns with the court. *Id.* at 1213 & 1218. Patton misrepresented her knowledge of the father's criminal history. *Id.* at 1217. She had notice of evidence supporting abuse but failed to investigate. *Id.* at 1225. DDHS later determined that T.D. had been abused by his father while in the father's custody. *Id.* at 1212.

Here, the facts are very different than in *T.D*. Vogt is not a social worker for the Department of Human Services. As Plaintiffs' First Amended Complaint acknowledges, Vogt is a licensed professional counselor in private practice. As such, Vogt has no authority to determine the custody of the Children, no duty for investigating allegations of abuse, and no control over what any other person or agency does or does not do (i.e. the Children's father, DHS, Tulsa Police, the Court in the Divorce/Custody Action). Plaintiffs' First Amended Complaint does not allege that Vogt admitted to having concerns for the Children's safety but acted contrary to those concerns by not reporting abuse. Instead, Plaintiffs complain that Vogt was consistently of the opinion that she (Vogt) did not have a reasonable belief, nor did she suspect that the Children were victims of abuse at the hands of their father, so she (Vogt) did not make a report of abuse to DHS. Plaintiffs' First Amended Complaint does not allege that Vogt failed to inform the Court or anyone else about the allegations made by Maria and parroted by the Children concerning the alleged abuse. Rather, Plaintiffs' First Amended Complaint confirms that Vogt was forthcoming to the Court about what A.R.V. told her in session (¶ 21) and that other agencies were likewise

aware of Maria's allegations of abuse, including DHS (¶ 19). Considering the factual allegations as put forth by Plaintiffs, Vogt's conduct does not shock the conscious.

### C. Vogt Did Not Create the Danger

As shown above, Plaintiffs' reliance on *T.D. v. Patton* is misplaced as *T.D.* is factually distinguishable. Plaintiffs have not alleged that Vogt took affirmative action that placed the Children in danger. *See e.g. DeShaney v. Winnebago Cty. Dept. of Soc. Srvs.*, 489 U.S. 189, 200 (1989). Rather, Plaintiffs' complaint is that Vogt "delayed [her] pursuit of this matter (¶ 12), failed to make a report of abuse to DHS (¶ 15), and that Vogt failed to express concerns about abuse when asked by DHS (¶ 28). At most, Vogt's alleged failures did not eliminate a pre-existing danger to the Children. Plaintiffs also argue that Vogt "ensured that father receive[d] as much visitation and custody as possible," but there are no facts supporting that conclusory statement. Only the Court in the Divorce/Custody Action controls visitation and custody of the Children. Vogt's alleged actions, or in this case lack of action, does not rise to the level of affirmative conduct necessary to show that Vogt intentionally or recklessly created or contributed to the creation of a danger to the Children.

### D. Vogt Is Entitled to Qualified Immunity

Vogt is entitled to qualified immunity because her conduct was not unreasonable considering clearly established law. There is no law that requires Vogt to have a reasonable belief that the Children were abused by their father merely because Maria and/or the Children alleged abuse. Even if Vogt was appointed by the Court to provide therapy to the Children, such an appointment did not and could not have authorized Vogt to investigate Maria's allegations of abuse. Such an appointment did not and could not have authorized Vogt to have control over DHS' investigation of Maria's allegations of abuse. Such an appointment did not and could not have authorized Vogt to determine the custody of the Children. Plaintiffs' allegations otherwise,

in an attempt to show unreasonable actions by Vogt, are not based in fact or law and thus cannot defeat Vogt's entitlement to qualified immunity.

**4.  FEDERAL CLAIMS FAIL – 8TH AMENDMENT**

Plaintiffs' Response Brief fails to offer any rebuttal to the fact that the 8th Amendment is inapplicable here. Plaintiffs' 8th Amendment Claims should be dismissed.

**5.  PUNITIVE DAMAGES ARE NOT A SEPARATE CLAIM**

Plaintiffs' Response Brief fails to offer any rebuttal to the fact that punitive damages are not a separate cause of action. Count IV of Plaintiffs' First Amended Complaint titled "Punitive Damages" must be dismissed.

**6.  VOGT IS IMMUNE FROM PLAINTIFFS' CLAIMS**

**A.  Vogt Is Entitled to Same Immunity Afforded the Guardian Ad Litem**

Vogt incorporates by reference those arguments in the Reply Brief of Defendants Welsh & McGough, PLLC and Catherine Welsh In Support of Their Motion to Dismiss First Amended Complaint for Failure to State a Claim [Dkt 29].

**B.  Vogt Is Entitled to Judicial Immunity**

Even if Plaintiffs' narrow reading of *Hartley v. Williamson,* 18 P.3d 355, 356 (Okla. App. 2000), is accepted, Vogt has judicial immunity from Plaintiffs' claims that are based on allegations related to Vogt's testimony in Court. Plaintiffs' Response does not argue otherwise.

**C.  Vogt Is Entitled to Immunity Under the Litigation Privilege**

Plaintiffs' Response Brief fails to offer any rebuttal to the fact that the litigation privilege provides Vogt with immunity for comments made during the course of and preliminary to judicial proceedings. Indeed, Vogt has immunity from Plaintiffs' claims which are based upon

9

statements that Vogt made during the course of the Divorce/Custody Action and in the DHS investigations. *See Hartley v. Williamson*, 18 P.3d 355 (Okla. App. 2000).

**7.     ABSTENTION TO AVOID INTERFERENCE**

Even if not literally seeking to overturn or challenge Orders of the Court in the Divorce/Custody Action, Maria is essentially seeking the same result with the filing of this federal lawsuit. It would be inconsistent if, for example, the Court in the Divorce/Custody Action finds that there has been no abuse, but this Court holds Vogt liable for failure to report abuse. Thus, this Court should not exercise jurisdiction over Plaintiffs' claims here and should instead allow the Court in the Divorce/Custody Action to proceed in handling the more than 3 year old custody dispute between a divorcing couple.

**8.     CONCLUSION**

Maria's allegations that the Children's father abused the Children have been reported and investigated for years, but to date no one has substantiated Maria's allegations. Vogt is being sued because she does not share Maria's opinions. Plaintiffs have failed to state viable claims and Vogt respectfully requests that the Court dismiss all of Plaintiffs' claims against her.

Respectfully Submitted,

s/ Paige N. Shelton
Robert D. James, OBA #16667
Paige N. Shelton, OBA #20330
CONNER & WINTERS, LLP
4100 First Place Tower
15 E. 5th St.
Tulsa, OK 74103
918-586-8558
*Rob.James@cwlaw.com*
*PShelton@cwlaw.com*

Attorneys for Defendant Jaime Vogt

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen, II
Laura Hamilton
Dustin Vanderhoof

*Attorneys for Plaintiffs*


Todd G. Tucker
Bradley W. Welsh

*Attorneys Defendants for Welsh & McGough, PLLC and Catherine Welsh*


                                                             s/ Paige N. Shelton
                                                             Paige N. Shelton