IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA DEL ROSARIO CHICO VIETTI, Individually and as Parent and Next friend of A.R.V., P.F.V. and H.S.V., minor children,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WELSH & McGOUGH, PLLC; CATHERINE WELSH; and JAIME VOGT,<br><br>　　　　Defendants. | Case No. 21-CV-58-JFH-SH |

**OPINION AND ORDER**

This matter comes before the Court on the Emergency Motion for Injunctive Relief ("Motion") filed by Plaintiff Maria Del Rosario Chico Vietti ("Plaintiff"). Dkt. No. 31. Plaintiff seeks a temporary restraining order and preliminary injunction against Defendant Catherine Welsh ("Welsh"), Defendant Welsh & McGough, PLLC ("Welsh & McGough") (collectively the "Welsh Defendants"), and their counsel, "to prevent circumvention of the discovery process in this case." *Id.* at 1. For the reasons set forth herein, Plaintiff's Motion is denied.

**BACKGROUND**

Plaintiff is a party to a divorce action currently pending in Tulsa County District Court. Dkt. No. 13 at 2. In connection with the divorce action, Welsh was appointed by the Tulsa County District Court as the guardian ad litem of Plaintiff's minor children. *Id.* at 3. On February 12, 2021, Plaintiff filed this action against: (1) Welsh; (2) Welsh & McGough, the law firm at which Welsh is a partner; and (3) Defendant Jamie Vogt ("Vogt"), who was appointed by the Tulsa County District Court as a therapist for one of Plaintiff's minor children. *See id. generally*. Plaintiff alleged that Defendants delayed in performing their court appointed duties, ignored and/or

failed to report abuse of Plaintiff's children by their father, and advocated for and/or represented the interests of the children's father in the divorce action. *Id.* at 7. According to Plaintiff, this was part of a scheme by Defendants to benefit themselves financially, at the expense of her and her children. *Id.* Based on these alleged facts, Plaintiff asserts breach of contract and negligence claims as well as civil rights claims under 42 U.S.C. § 1983. *Id.* at 7-9. Defendants filed motions to dismiss the claims against them [Dkt. No. 20; Dkt. No. 21] and the Court entered an Order finding good cause to delay the entry of a scheduling order, pending a ruling on Defendants' dispositive motions [Dkt. No. 12].

On February 16, 2022, Plaintiff was named as a potential witness for a respondent in an unrelated case in Tulsa County District Court; *Bethany Burton, petitioner v. Tod E. Burton, Respondent*, District Court of Tulsa County, Case No. FD-2013-1705 (the "Burton Action"). Dkt. No. 31-6 at 7. The petitioner in that case, represented by Welsh & McGough, filed a Deposition Subpoena Dues Tecum ("Deposition Subpoena"), requesting that Plaintiff appear for a deposition on March 29, 2022, and produce:

1. Any and all evidence, (whether written, electronically recorded, video, text messages, social media posts, reports, expert witness reports, court pleadings and/or any tangible item) that supports your testimony as a listed witness in *Burton v. Burton*, Tulsa County Case No. FD-2013-1705.

2. Any and all emails, text messages, or communications of any kind between yourself and Tod E. Burton.

3. Any and all audio and video recordings, in your possession, of any attorney of, and/or employee of, Welsh & McGough, PLLC.

4. A complete list of each and every individual you have contacted regarding Catherine Welsh, Esq. and/or Welsh & McGough, PLLC, including dates, times, and reason for the contact.

5. Any and all communications, text messages, emails, expert reports, (whether you believe them confidentially protected by a legal privilege), between yourself and

> Donna Boswell concerning this matter, and/or Catherine Welsh and Welsh & McGough, PLLC.

Dkt. No. 31-7.

Plaintiff filed a Motion to Quash Deposition ("Motion to Quash") in the Tulsa County District Court. Dkt. No. 31-8. In her motion, Plaintiff noted that, of the 48 potential witnesses listed for the respondent, she was the only one whose deposition was noticed by Welsh & McGough. *Id.* at 2. Plaintiff argued that the Deposition Subpoena, especially the materials sought in paragraphs 3-5, were irrelevant to the Burton Action, and were sought on behalf of the Welsh Defendants in an attempt to circumvent the discovery stay in this case. *Id.* On April 20, 2022, after conducting a hearing, the Tulsa County District Court denied Plaintiff's Motion to Quash. Dkt. No. 31-5 at 22. On April 29, 2022, the respondent in the Burton Action filed a notice to the Court, seeking to remove Plaintiff as a potential witness. Dkt. No. 31-10. The same day, Plaintiff filed the instant Motion in this Court, seeking preliminary injunctive relief to prevent the deposition, which is now set for May 3, 2022. *See generally* Dkt. No. 31. Plaintiff argues that the Deposition Subpoena seeks privileged information irrelevant to the Barton Action, but relevant to her claims in this case. *Id.* at 8-10, 13.

## STANDARD

Except as to notice and duration, the legal standards governing a temporary restraining order ("TRO") and a preliminary injunction are the same. *See People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order."). The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration. *See* Fed. R. Civ. P. 65(b). Where, as here, a motion for a TRO is before the Court after notice to the opposing party and an

evidentiary hearing, it is treated as a motion for preliminary injunction. *See TLX Acquisition Corp. v. Telex Corp.,* 679 F. Supp. 1022, 1028 (W.D. Okla. 1987) (treating the application for a TRO as a motion for preliminary injunction where the defendants had notice of the application and the application was before the Court following an evidentiary hearing in which all parties participated); *see also Sampson v. Murray,* 415 U.S. 61, 86 (1974) (agreeing with the circuit court, which "held that a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions." (internal quotation marks and citation omitted)). Here, Plaintiff requests a TRO and a preliminary injunction.

Whether sought through a TRO or a preliminary injunction, injunctive relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have its request granted. *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

A party seeking preliminary injunctive relief must satisfy four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. *Id.* at 1257. The primary goal of a preliminary injunction is to preserve the pre-trial status quo. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). "In determining the status quo for preliminary injunctions, this court looks to the reality of the existing status and relationship between the parties and not solely to the parties' legal rights." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1260 (10th Cir. 2005) (internal quotation marks and citation omitted).

Because the primary goal of a preliminary injunction is to preserve the pre-trial status quo, courts are especially cautious when granting mandatory preliminary injunctions, which require the

nonmoving party to take affirmative action before a trial on the merits occurs. *See RoDa Drilling*, 552 F.3d at 1208. Therefore, to demonstrate the propriety of such relief, the movant must make a heightened showing of the four requisite factors. *Id.* This heightened standard is intended "to minimize any injury that would not have occurred but for the court's intervention." *Id.* While mandatory preliminary injunctions are traditionally disfavored, when the moving party demonstrates that the "exigencies of the case require extraordinary interim relief," the district court may grant the motion upon satisfaction of the heightened burden. *See Schrier*, 427 F.3d at 1258-59; *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).

## DISCUSSION

### A. Motion for Preliminary Injunction

Here, Plaintiff argues that preliminary injunctive relief is necessary to preserve the status quo and to prevent the immediate and irreparable harm that will result from allowing the Welsh Defendants to circumvent the Court's discovery procedures. Dkt. No. 31 at 1. To this end, Plaintiff requests that the Court enjoin the Welsh Defendants from "seeking discovery or deposition testimony in any unrelated action (including the Burton Action) pertaining to her communications and dealings with Welsh, Welsh & McGough, and Donna Boswell," who is Plaintiff's consulting expert witness in this case. Dkt. No. 31 at 8-13.[1]

---

[1] To the extent that Plaintiff also requests that the Court enjoin the Welsh Defendants from seeking discovery from Plaintiff prior to the parties engaging in a conference as required by Rule 26(f) of the Federal Rules of Civil Procedure [Dkt. No. 31 at 13], the Court declines to address discovery disputes in this case by granting injunctive relief. Plaintiff correctly states the general rule that a party may not conduct discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). And the Court will remind all parties in this case that they have an ongoing "duty to comply with the Federal Rules of Civil Procedure." *United States v. Pappert*, No. CIV.A. 95-2236-EEO, 1997 WL 634341, at *1 (D. Kan. Oct. 10, 1997). If any party

1. **Likelihood of Success on the Merits**

   a. **The Anti-Injunction Act**

Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "On its face the present Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see also Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) ("[T]he Act's core message is one of respect for state courts. The Act broadly commands that those tribunals shall remain free from interference by federal courts." (internal quotation marks and citation omitted)). The exceptions "are narrow and are not [to] be enlarged by loose statutory construction." *Smith*, 564 U.S. at 306 (alteration in original) (internal quotation marks and citation omitted). "[A]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.* (internal quotation marks and citation omitted).

The phrase "proceedings in a State court" is "comprehensive" and "includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process." *Hill v. Martin*, 296 U.S. 393, 403 (1935). The Act's prohibition applies "to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective ... whether such supplementary or ancillary proceeding is taken in the court which rendered the judgment or in some other." *Id.* Thus, Plaintiff's request for preliminary injunctive relief from

---

seeks to raise an issue regarding improper discovery conducted in this case that issue may be raised by separate motion.

Deposition Subpoena issued in the Tulsa County District Court falls squarely within the Anti-Injunction Act's prohibition.

Further, none of the three exceptions to the Act's prohibition apply. The first exception applies where the injunctive relief sought is "expressly authorized" by Congress. 28 U.S.C. § 2283. Plaintiff seeks preliminary injunctive relief to prevent discovery violations under the Federal Rules of Civil Procedure. *See generally* Dkt. No. 31. Because the Federal Rules of Civil Procedure do not contain an express exception to the Anti-Injunction Act, the first exception is inapplicable.

The second exception applies where the injunction sought is "necessary in aid of [the federal court's] jurisdiction." 28 U.S.C. § 2283. The general rule under this exception "is that where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts." *Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir. 1987) (citing *Atl. Coast Line R.R. Co.*, 398 U.S. at 295). Here, Plaintiff seeks preliminary injunctive relief from a Deposition Subpoena issued in the Barton Action, which is an unrelated state court case. Dkt. No. 31 at 3-13. Because this case and the Burton Action are unrelated, concurrent jurisdiction concerns are not implicated.

Plaintiff argues that this exception may apply where injunctive relief is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Dkt. No. 31 at 12 n.1 (quoting *Atl. Coast Line R.R. Co.*, 398 U.S. at 295). However, she does not explain how the injunctive relief requested in her Motion is so necessary. Plaintiff also argues that injunctive relief is necessary to prevent the Welsh Defendants from using state court proceedings to evade discovery rulings in this case. Dkt. No. 31 at 12 n.1 (citing *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202-03 (7th Cir. 1996). This argument is unpersuasive since there have been no

discovery rulings made at this stage of the case. *Id.* at 8-13. Because the discovery issues raised in Plaintiff's Motion do not implicate the Court's jurisdiction or ability to reach a disposition in this case, the second exception does not apply.

The third exception, known as the "relitigation exception," authorizes an injunction "to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." *Smith*, 564 U.S. at 306 (internal quotation marks and citation omitted). Here, Plaintiff does not seek an injunction against relitigation of an issue previously determined by the Court. Thus, the third exception cannot apply.

For these reasons, the Court finds that Plaintiff has not shown that she is likely to succeed on the merits of her request for preliminary injunctive relief.

**2. Remaining Factors**

Since Plaintiff has failed to show a substantial likelihood of success on the merits of her request for preliminary injunctive relief, the Court need not consider the remaining requisite factors—the likelihood that Plaintiff will suffer irreparable harm in the absence of injunctive relief, whether injury to Plaintiff outweighs the harm to the Welsh Defendants in granting injunctive relief, or whether declining to grant injunctive relief would harm the public interest. As explained above, Plaintiffs must make a "clear and unequivocal" showing on all four requirements for preliminary relief. *Flowers*, 321 F.3d at 1256. Where, as here, the failure to satisfy one factor for obtaining preliminary injunctive relief is dispositive, "a court need not consider the other factors." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 890 (10th Cir. 2021) (declining to consider the remaining factors where plaintiffs failed to show irreparable harm).

IT IS THEREFORE ORDERED that the Emergency Motion for Injunctive Relief filed by Plaintiff Maria Del Rosario Chico Vietti [Dkt. No. 31] is DENIED.

Dated this 30th day of April, 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE