## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OKLAHOMA

———————————

MARIA DEL ROSARIO CHICO VIETTI,
individually and as parent and next friend
of A.R.V., P.F.V., and H.S.V., minor children,

      Plaintiff,

    v.                               No. 21-cv-00058-WPJ-SH

WELSH & MCGOUGH, PLLC, an Oklahoma
professional limited liability corporation;
CATHERINE WELSH, an individual; and
JAIME VOGT, LPC, an individual,

      Defendants.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES and GRANTING DEFENDANT'S REQUEST FOR A BILL OF COSTS

**THIS MATTER** comes before the Court[1] upon Defendant's Motion for Attorney's Fees (**Doc. 42**), Plaintiff's Response in Opposition (**Doc. 46**), and Defendant's Reply (**Doc. 50**).[2] Having considered the filings and the applicable law, the Court **does not** find Plaintiff's lawsuit was frivolous, unreasonable, or without foundation. *See infra* ¶ I. Nor does the Court find that Plaintiff's counsel unreasonably or vexatiously multiplied the proceedings. *See infra* ¶ II. As such, Defendant's motion for attorney's fees must be **DENIED**.

---

[1] Senior United States District Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

[2] On April 29, 2025, the Court filed an Order for additional briefing on fees awardable under § 1988 versus § 1927 (**Doc. 59**). Both parties filed responses, as directed. **Docs. 60 & 61**.

## BACKGROUND

Maria Del Rosario Chico Vietti ("Plaintiff") brought a lawsuit on behalf of herself and her minor children—A.R.V., P.F.V., and H.S.V.—against Defendants Welsh & McGough PLLC, Catherine Welsh, and Jaime Vogt ("Defendant"), for alleged acts and omissions during divorce and custody proceedings in state court. Plaintiff asserted claims for breach of contract, negligence, violation of the Eighth and/or Fourteenth Amendments, and punitive damages against Defendants. *See* **Doc. 13**. All Defendants sought dismissal. *See* **Docs. 20 & 21**.

After briefing was complete (**Docs. 20, 21, 27–30**), the Court issued a Memorandum Opinion and Order granting Defendants' Motions to Dismiss (**Doc. 37**). *See Vietti v. Welsh & McGough, PLLC*, No. 21-cv-58, 2024 U.S. Dist. LEXIS 36302 (N.D. Okla. Feb. 29, 2024). A Final Judgment dismissing "all claims and causes of action" was entered contemporaneously (**Docs. 38 & 39**). Plaintiff then appealed (**Doc. 43**). And the Tenth Circuit affirmed (**Docs. 51 & 52**). *See Vietti v. Welsh & McGough, PLLC*, 2024 U.S. App. LEXIS 32711 (10th Cir. Dec. 26, 2024) (unpublished).

All that remains pending before this Court is Defendant Vogt's request for attorney's fees. *See* **Docs. 42 & 50**; *cf.* **Doc. 57**.[3]

\* \* \*

After the fee petition was briefed, the Court filed an Order for additional briefing. *See supra* n.2. The parties were directed to address if § 1927 was an available avenue for awarding fees if § 1988 was unavailable. *See* **Doc. 59**. The Court raised this issue *sua sponte* because of the

---

[3] Defendant Vogt filed an Addendum to her motion for attorney's fees (**Doc. 54**). This filing sought fees and expenses incurred while preparing the fee petition. Plaintiff then moved to strike the filing because Defendant Vogt did not seek leave of Court to file the Supplement (**Doc. 55**). Defendant Vogt then withdrew (**Doc. 56**) the Addendum (**Doc. 54**) and filed a Motion for Leave (**Doc. 57**) to file a Supplement.

The Court **GRANTS** Defendant Vogt's request to file the Supplement (**Docs. 57 & 57-1**).

"asymmetric" treatment of prevailing Defendants vis-à-vis prevailing Plaintiffs. *Johnson v. Daley*, 339 F.3d 582, 587 (7th Cir. 2003) (en banc) (Easterbrook, J.); *see also Garza v. Citigroup Inc.*, 881 F.3d 277, 283 n.6 (3d Cir. 2018) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

## LEGAL STANDARD

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee" in civil rights actions. Usually, fee petition analysis requires a district court to determine: (1) if the party requesting attorney's fees is a "prevailing party," and (2) if so, are the fees requested reasonable? *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (discussing the two-step process for recovering fees under § 1988); *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012) (same).

The Tenth Circuit applies a three-part test to ascertain whether a prevailing party achieved sufficient success to be entitled to an award of attorney's fees. *See Ballard v. Muskogee Reg'l Med. Ctr.*, 238 F.3d 1250, 1254 (10th Cir. 2001) (citing *Phelps v. Hamilton*, 120 F.3d 1126, 1130 (10th Cir. 1997)). Specifically, there must be: (1) a court-ordered change in the legal relationship of the parties; (2) judgment in favor of the party seeking the fees; and (3) a judicial pronouncement accompanied by judicial relief. *See Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1236–37 (10th Cir. 2018); *see also Iqbal v. Holder*, 693 F.3d 1189, 1193 (10th Cir. 2012).

To be sure, the Tenth Circuit has found entry of judgment for either jurisdictional or merits-based reasons can support prevailing party status. *See United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1056–58 (10th Cir. 2004) (discussing jurisdictional rulings); *Allen v. Lang*, 736 F. App'x 934, 945–47 (10th Cir. 2018) (unpublished) (regarding merits rulings).[4] This makes

---

[4] For what it's worth, the other Courts of Appeals agree. Dismissal—for jurisdiction or on the merits—***can*** qualify the Defendant as a prevailing party. *See, e.g., District of Columbia v. Jeppsen*, 514 F.3d 1287, 1290

sense—especially since the Supreme Court has held a "judicially sanctioned change in the legal relationship of the parties" is all that's necessary for prevailing party status. *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Hum. Res.*, 532 U.S. 298, 605 (2001).

* * *

Again, the statutory text requires nothing more than prevailing party status. Even so, the case law distinguishes between prevailing Plaintiffs and prevailing Defendants.[5] Case law makes clear that prevailing Plaintiffs are entitled to attorney's fees, but prevailing Defendants are entitled to attorney's fees only when a Plaintiff's underlying claim is frivolous, unreasonable, or groundless. *See, e.g., Christiansburg Garment Co.*, 434 U.S. at 416–18; *Hughes v. Rowe*, 449 U.S. 5, 14–15 (1980) (per curiam); *Fox v. Vice*, 563 U.S. 826, 829 (2011); *Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 681–82 (10th Cir. 2012) (citing *Fogerty*, 510 U.S. at 522–23).

---

(D.C. Cir. 2008); *Small Just. LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 327–28 (1st Cir. 2017); *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101–02 (2d Cir. 2006); *Morris v. Kesserlring*, 514 F. App'x 233, 236–37 (3d Cir. 2013) (unpublished); *Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993); *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015); *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000); *United States v. $32,820.56*, 838 F.3d 930, 934 (8th Cir. 2016); *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-10 (9th Cir. 2017); *Affordable Aerial Photography, Inc. v. Reyes*, 2024 U.S. App. LEXIS 22296, at *4 (11th Cir. Sept. 3, 2024) (per curiam and unpublished).

[5] In the undersigned's view, this heightened standard is entirely unmoored from the statute's plain meaning and congressional intent. *See* 42 U.S.C. § 1988 ("[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."); *but see Hensley*, 461 U.S. at 441–57 (Brennan, J., dissenting) (discussing the legislative history of § 1988). The fact that attorney's fees are "presumptively unavailable" for prevailing Defendants is wholly judicially created. *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). Like Justice Clarence Thomas, the undersigned believes the conflicting interpretations of fee-shifting statutes is inconsistent with the statutory text. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535–39 (1994) (Thomas, J., concurring in judgment); *see also CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 436 (2016) (Thomas, J., concurring).

  Even so, the issue is settled. It is the Supreme Court's responsibility "to say what a federal statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law." *James v. City of Boise*, 577 U.S. 306, 307 (2016) (per curiam) (quoting *Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 21 (2012) (per curiam) (quoting *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312 (1994))). As U.S. Circuit Judge James Ho recently said: "As an inferior court, we're duty-bound to follow Supreme Court rulings—whether we agree with them or not. We don't have to like it. But we have to do it." *A.A.R.P. v. Trump*, 137 F.4th 391, 392, at *3 (5th Cir. 2025).

**DISCUSSION**

**I. Section 1988 Attorney's Fees**

Defendant Vogt asserts she is a prevailing party because "Plaintiff's lawsuit . . . lacked both a factual and legal basis." **Doc. 42 at 5**. Plaintiff counters, arguing: "Defendant's motion [should] fail[]" because the "1983 claim was not frivolous." **Doc. 46 at 3**.

Here, Final Judgment was entered (**Doc. 39**) in favor of Defendants—including Defendant Vogt—and "all claims and causes of action" by Plaintiff were dismissed with prejudice. In a literal sense, Defendant Vogt prevailed. Nevertheless, the case law makes clear that Defendant Vogt is not entitled to attorney's fees.

\* \* \*

As mentioned above, there are different standards for awarding attorney's fees to a prevailing Defendant. Rarely will a case be sufficiently frivolous to justify imposing attorney's fees on the Plaintiff. *See Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995) (only in "rare circumstances" will "a suit [be] truly frivolous so as to warrant an award of attorneys' fees to the defendant"). And although there is no "precise test for when a defendant is a prevailing party," *CRST Van Expedited, Inc.*, 578 U.S. at 422, a Plaintiff should not be assessed attorney's fees unless a court finds "his claim was frivolous, unreasonable, or groundless . . . ." *Christiansburg Garment Co.*, 434 U.S. at 422; *see also Hensley*, 461 U.S. at 429 n.2 ("A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."). Thus, to be awarded attorney's fees, Defendant Vogt must show Plaintiff's action was "frivolous, unreasonable, or without foundation." *Anthony v. Baker*, 767 F.3d 657, 667 (10th Cir. 1985).

The standard for frivolity is a high bar. *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000). And dismissal alone is not sufficient to award attorney's fees to a Defendant. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995). The fact that Plaintiff's claims were dismissed does not mean the allegations were vexatious or frivolous. *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."). In setting plausibility as the standard, the Supreme Court recognized there was a spectrum of a claim's potential for success. At one end of the spectrum was "possible," and at the other end was "probable,"—with "plausible" being in the middle. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))).

Even though this Court dismissed Plaintiff's claims, that does not entitle Defendant Vogt to an award of attorney's fees. *See Hughes*, 449 U.S. at 15.

In fact, "claims dismissed on 12(b)(6) motions that receive 'careful consideration,' especially as evidenced by lengthy, detailed, and reasoned orders or opinions, are not 'groundless' or 'without foundation.'" *Jane L.*, 61 F.3d at 1513. Here, the claims were carefully considered. This Court's Memorandum Opinion and Order was quite lengthy and detailed. The Tenth Circuit[6] even described the opinion as "thorough and well-reasoned." 2024 U.S. App. LEXIS 32711, at *6. So although Plaintiff's claims ultimately failed, Defendant Vogt has not proved they were objectively baseless. *See FTC v. Freecom Communs., Inc.*, 401 F.3d 1192, 1201 (10th Cir. 2005) (recognizing that "a claim that fails as a matter of law is not necessarily lacking any basis at all").

\* \* \* \* \*

---

[6] It's also worth pointing out that the Tenth Circuit "did not conclude [the] appeal was frivolous." **Doc. 60-1**; *see also* **Doc. 45** (10th Cir. No. 24-5032).

Because Defendant Vogt did not establish that Plaintiff's claims were frivolous, the Court must deny the fee petition.[7]

## II. Fees Award as a Sanction Under Section 1927

The Court was unable to find any case law to support the notion that there is a meaningful difference between the "frivolous, unreasonable, or groundless" standard under § 1988 and the "unreasonably and vexatiously" standard under § 1927. Plaintiff's counsel claims the standards "are similar" or "the same." **Doc. 60 at 3 & 4**. And naturally, Defendant Vogt says the fee statutes are different. **Doc. 61 at 8–9**. In older opinions, the Tenth Circuit cabined recovery under § 1988 as requiring proof that the Plaintiff's lawsuit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995). Nowadays, the go-to language says attorney's fees are recoverable if "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 576 F. App'x 759, 763 (10th Cir. 2014) (unpublished); *Frey v. Town of Jackson*, 41 F.4th 1223, 1242 (10th Cir. 2022) (same).

No doubt, § 1927 uses similar and overlapping language. The statute provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Assuming there is a difference in the statutes, § 1988 requires more than § 1927. The latter imposes financial liability ***only when*** a lawyer creates ***excess*** costs.[8] Either the lawsuit must be

---

[7] And because the Court does not find Plaintiff engaged in baseless, frivolous, or vexatious litigation, the Court need not address the "reasonableness" of the requested fees.

[8] "But § 1927 does not authorize sanctions to compensate fees merely related to unreasonable and vexatious conduct. The statute is narrower, authorizing sanctions to compensate excess fees incurred *because of* the offending attorney's sanctionable action." *Chung v. Lamb*, 73 F.4th 824, 829 (10th Cir. 2023).

entirely baseless from its inception (such that any litigation is considered "unreasonably multiplying" the litigation)[9] *or* there has to be extra unnecessary litigation.[10] Because the Court did not find that Plaintiff's lawsuit was frivolous under § 1988, the Court cannot find that Plaintiff's counsel multiplied the proceedings by simply litigating the case.

* * *

Defendant Vogt's arguments about Plaintiff's reliance on out-of-circuit state-law cases has some merit. *See* **Doc. 61 at 5–6**. But the Court already commented on Plaintiff's litigation strategy. *See* **Doc. 37 at 6** ("Despite this binding, on-point authority, Plaintiff urges the Court to consider South Carolina law regarding immunity of guardians *ad litem*."). In the end, the Court "decline[d] Plaintiff's invitation to apply South Carolina law." *Id.* **at 7**. In this case, although the Court did not consider Plaintiff's arguments to be persuasive, she (through counsel) cited case law which arguably gave her position colorable legal foundation.

That being said, there is a fine line between sanctionable litigation conduct and pursuing a novel legal theory. Sanctionable conduct occurs when a lawyer knowingly fails to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel. But sanctions—like those under § 1927—should be exercised with restraint to avoid chilling novel legal theories. Although Plaintiff's counsel cited to South Carolina cases, *see* **Docs. 27 & 28**, relevant cases from Oklahoma (state and federal), the Tenth Circuit, and Supreme Court were also included.

* * * * *

---

[9] Improperly removed cases fall into this bucket. *See, e.g., Doe v. Martinez*, 674 F. Supp. 2d 1282 (D.N.M. 2009) (Johnson, J.).

[10] Filing multiple motions to amend complaints and then asking for reconsideration would fall into this bucket. *See, e.g., Doe v. AFGE*, No. 20-cv-1558, 2022 U.S. Dist. LEXIS 254382, at *10 (D.D.C. Dec. 9, 2022); *Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs*, 552 F. Supp. 2d 137, 146–48 (D.N.H. 2008); *Scott v. Cnty. of Dona Ana*, No. 09-cv-797, 2011 U.S. Dist. LEXIS 154725, at *33–45 (D.N.M. Sept. 11, 2011).

At bottom, a fee award under § 1927 is inappropriate here. At the same time, the Court cautions Plaintiff's counsel that pursuing novel legal theories based on a singular state's case law when "there is controlling Tenth Circuit and Oklahoma caselaw directly on point," **Doc. 37 at 7**, is risky.

## CONCLUSION

Even though Plaintiff's claims were dismissed, her suit was not frivolous. And even though Defendant Vogt prevailed, she is not a prevailing party for purposes of attorney's fees under § 1988(b).

**IT IS THEREFORE ORDERED** that Defendant Vogt's Motion for Attorney's Fees (**Doc. 42**) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Vogt's request to file a Supplement in Support (**Docs. 57 & 57-1**) of her Motion for Attorney's Fees is **GRANTED**.

**IT IS FINALLY ORDERED** that Defendant Vogt's Bill of Costs (**Docs. 40 & 41**) requesting $119.90 for photocopying is **GRANTED**. The bill was properly and timely filed—without any written objection—so, the claimed costs are "allowed in full." LCvR54-1(a)–(d).

**/s/**
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE